■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HARRY LEWIS SANNEY, Respondent.— Order unanimously reversed, motion denied and indictment reinstated. Memorandum: Defendant has successfully moved to dismiss an indictment charging him with the crime of manslaughter first degree, on the ground that the evidence produced before the Grand Jury was legally insufficient. Incriminating evidence consisting of damaging admissions made by the defendant, was presented to the Grand Jury and the court below has held these admissions to be illegally tainted since they were obtained by use of a radio device concealed on the person of a prospective employer during an employment interview with the defendant and transmitted to the police, by prearrangement. We do not agree. It appears that the conversation complained of took place when defendant was not in custody. Such transmission of a conversation by one party to it, under the circumstances here present, is not violative of the right of privacy guaranteed by the Fourth Amendment and, under similar conditions, has been held proper by our highest courts. (*On Lee* v. *United States*, 343 U. S. 747; *People* v. *Gibson*, 23 N Y 2d 618, affg. 29 A D 2d 843.) The evidence thus obtained was legally presented to and properly considered by the Grand Jury. The holding in *Katz* v. *United States* (389 U. S. 347) does not affect the result here reached, for in that case, unlike here, there was an invasion of the right of privacy. Furthermore, *Katz* is to apply prospectively only in (*Kaiser* v. *New York*, 394 U. S. 280) and the indictment before us was

returned in October, 1966. (Appeal from order of Niagara County Court granting motion to dismiss indictment.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.