Per Curiam.

The appellant was convicted on July 15, 1969 in the Criminal Court of the City of New York after trial before a panel of three Judges without a jury of assault, third degree, and petit larceny and he was sentenced to serve a term of seven months’ imprisonment on each charge, the sentences to run concurrently. As class A misdemeanors, each crime was punishable by a maximum sentence of imprisonment for one year (Penal Law, § 70.15, subd. 1).
Before the trial commenced the defendant moved for a jury trial and his motion was denied.
In view of Baldwin v. New York (399 U. S. 66, revg. 24 N Y 2d 207) and Williams v. Florida (399 U. S. 78), which mandate a jury trial in State courts for any crime punishable by imprisonment for more than six months, we are now called upon to determine whether a person charged with a class A misdemeanor, whose case was reached for trial after Duncan v. Louisiana (391 *102 U. S. 145, decided May 20, 1968) but before the decision in Baldwin v. New York (supra), is entitled to a jury trial.
There is ample precedent for holding that the Baldwin case, not any prior case, is the appropriate landmark in determining which cases should be affected by the new rule. The courts, both Federal and State, have often chosen the date of the new decision, not previous cases on which it was based, as the starting date for its applicability (see Griffin v. California, 380 U. S. 609; Tehan v. Shott, 382 U. S. 406; Miranda v. Arizona, 384 U. S. 436; DeStefano v. Woods, 392 U. S. 631; see, also, People v. Morhouse, 21 N Y 2d 66, 77; People v. Kaiser, 21 N Y 2d 86, affd. 394 U. S. 280). Accordingly, the recent decision of the United States Supreme Court in Baldwin v. New York (supra) should be applied only to those trials commencing on or after the date of that decision, June 22, 1970.
The application of the District Attorney to permit the Criminal Court of the City of New York to retain jurisdiction to try cases without a jury and to impose sentences not in excess of six months’ imprisonment as to defendants charged with class A misdemeanors is denied. Hereafter, the Criminal Court of the City of New York may be authorized by the Appellate Division, First and Second Departments, pursuant to their supervisory powers (Judiciary Law §§ 214, 216, subd. 1), to proceed with a trial before a six-man jury to be selected from jury lists of the Supreme Court in the county in which the charge is pending. Such a rule is necessary by reason of the determination of the Supreme Court of the United States in Baldwin and Williams (supra) despite the absence of State authority to impanel a jury in the New York City Criminal Court. The respective Appellate Divisions must, therefore, provide a temporary solution which will allow that court to function under these decisions of the Supreme Court of the United States until the Legislature convenes and enacts measures to deal with these problems.
The judgment should be affirmed.