**UNITED STATES of America ex rel. John BUTLER, Petitioner,**

v.

**James A. THOMAS, Warden, Rikers Island Prison, Respondent.**

**No. 70 Civ. 4486.**

United States District Court,
S. D. New York.

Nov. 30, 1970.

John Butler, pro se.

J. Lee Rankin, Corp. Counsel of City of New York, by John S. Wellekens, New York City, for respondent.

CANNELLA, District Judge.

The petitioner's application for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2241 et seq., is granted.

The petitioner alleges, and the court finds, that at the time of, and on several occasions subsequent to, his arraignment on a charge of possession of a dangerous drug, he requested a trial by jury.[1] However, on June 17, 1970, the petitioner was tried in the Criminal Court of the City of New York, Part 1B, Kings County by Judge Albert R. Murray, sitting without a jury.[2] On that date, the petitioner was convicted of criminal possession of a dangerous drug in the sixth degree in violation of amended Section 220.05 of the New York Penal Law, McKinney's Consol.Laws, c. 40, and sentenced to a term of imprisonment of one year,[3] which he is presently serving in the respondent's institution.

The petitioner argues in support of his present application[4] that this denial of a jury trial makes his conviction unconstitutional, and he refers the court to the decision on May 20, 1968 of the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, which held that the Sixth Amendment guarantee of trial by jury applies to the states through the Fourteenth Amendment of the U.S. Constitution.

In Duncan, the Supreme Court stated, inter alia:

> Because we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee.[5]

> Our conclusion is that in the American States, as in the federal system, a general grant of jury trial for serious offenses is a fundamental right * * *[6]

In view of its determination that simple battery, which was punishable under Louisiana law by a maximum of two years' imprisonment and a $300 fine, was "a serious crime and not a petty offense," the Court found no need to settle the "exact location of the line between petty offenses and serious crimes." 391 U.S. at 161–162, 88 S.Ct. at 1454. See Bloom v. Illinois, 391 U.S. 194, 211, 88 S.Ct. 1477, 1487, 20 L.Ed.2d 522 (1968). However, on June 22nd of this year, the Supreme Court found it necessary in a case challenging the constitutionality of the very same Section 40 of the New York City Criminal Court Act involved herein to state unequivocally what it clearly implied in Duncan,[7] to wit, "no

---

1. This allegation is not disputed in any way by the respondent.

2. Section 40 of the New York City Criminal Court Act provides that "[a]ll trials in the court shall be without a jury."

3. Criminal possession of a dangerous drug in the sixth degree is a class A misdemeanor, the sentence of imprisonment for which "shall not exceed one year." See N.Y.Penal Law § 70.15(1).

4. The application was referred to this court for determination on October 14, 1970. The respondent's papers in opposition finally were filed on November 23, 1970.

5. 391 U.S. at 149, 88 S.Ct. at 1447 (emphasis added) (footnote omitted).

6. 391 U.S. at 157–158, 88 S.Ct. at 1452.

7. The Court had noted in Duncan, for example, that in the federal system "petty offenses are defined as those punishable by no more than six months in prison and a $500 fine" and that there were "only two instances, aside from the Louisiana scheme, in which a State denies jury trial for a crime punishable by imprisonment for longer than six months." 391 U.S. at 161 and n. 33, 88 S.Ct. at 1453. The Court had also referred in both Duncan and another decision handed down at the same time, Dyke v. Taylor Imple-

offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970) (footnote omitted). Indeed, Judge Burke (and Judge Keating) of the New York Court of Appeals had dissented from their court's decision in Baldwin on the ground that it was "not supported by a fair reading" of Duncan. See Hogan v. Rosenberg, 24 N.Y.2d 207, 222, 299 N.Y.S.2d 424, 435, 247 N.E.2d 260, 268 (1969). Their dissent also applied to the captioned, companion case in which Judge Jack Rosenberg of the New York Criminal Court had held that a class A misdemeanor is a "serious" crime within the meaning of Duncan. See People v. Bowdoin, 57 Misc.2d 536, 293 N.Y.S.2d 748 (N.Y.C. Crim.Ct.1968).

An application such as the one here "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254. The court finds that the petitioner's case presents circumstances which preclude redress in the state courts, and if the underlying rationale of the above exception to the general requirement of exhaustion of state remedies is the "belief that the petitioner should not have to engage in an exercise in futility before he can get into a federal court;"[8] then this court will not require such an

exercise here. The decision of the Supreme Court in Baldwin was handed down five days after the petitioner was tried and sentenced. On July 2, 1970, the Court of Appeals of New York held in a per curiam opinion that Baldwin should not be applied retroactively. See People v. Dargan, 27 N.Y.2d 100, 313 N.Y.S.2d 712, 261 N.E.2d 633. This court would readily defer to the wisdom of the Court of Appeals were it not for the fact that trial by jury is so crucial an element in our system of justice. Thus, with all due respect to the majority of that Court and although fully cognizant of the enormity of the problems involved in the administration of justice in New York City after years of personal judicial experience attempting to cope with them, this court is constrained to concur with the dissenting opinion of Chief Judge Fuld in Dargan that "the precise holding in Baldwin * * * should apply to all cases * * * tried after May 20, 1968, the date on which Duncan was decided." 27 N.Y.2d at 103, 313 N.Y.S.2d at 715, 261 N.E.2d at 635. Baldwin clearly is not an "incorporation" case—one where prospective-only application can result in an interpretation that the Constitution means one thing the day prior to the decision and something entirely different the next day[9]—but rather it is nothing more than a required reiteration of the Supreme Court's admonition in Duncan that the "right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons

ment Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968), to its earlier decision in Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), that a sentence of six months can qualify an offense as "petty." See 391 U.S. at 159, 220, 88 S.Ct. 1444. These points of reference became points of reliance in Baldwin v. New York.

8. R. Sokol, Handbook of Federal Habeas Corpus 171 (2d rev. ed. 1969). See generally id. at 171–77. A "principal aim

of the writ [of habeas corpus] is to provide for swift judicial review of alleged unlawful restraints on liberty." Peyton v. Rowe, 391 U.S. 54, 63, 88 S.Ct. 1549, 1554, 20 L.Ed.2d 426 (1968). This court has been informed that the petitioner may be released as a matter of course on January 28, 1971, and thus time alone would now appear to preclude state redress.

9. See, e. g., Black, J., dissenting, DeBacker v. Brainard, 396 U.S. 28, 34, 90 S.Ct. 163, 24 L.Ed.2d 148 (1969).

within their jurisdiction." 391 U.S. at 154, 88 S.Ct. at 1450. The petitioner's fundamental right to a jury trial has existed since May 20, 1968, and just as the conviction of Robert Baldwin was unconstitutional, so too is that of the petitioner, which occurred, of course, long after Baldwin's.

In view of the foregoing, the petitioner's application for a writ of habeas corpus is granted, and the respondent is hereby ordered to release [10] the petitioner from custody unless he is retried within 30 days of the entry of this order or an appeal is taken herefrom within ten days of entry.

So ordered.

---

10. This ruling shall in no way be construed to mean that this court has found that the petitioner was not otherwise afforded a fair trial.