UNITED STATES of America ex rel.
Harry L. SANNEY, Petitioner,

v.

Ernest L. MONTANYE, Warden of Attica
Correctional Facility, Attica,
New York, Respondent.

Civ. No. 1972–328.

United States District Court,
W. D. New York.

Jan. 17, 1973.

Herman Schwartz, Buffalo, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of N. Y. (Bedros Odian, Buffalo, N. Y., of counsel), for respondent.

CURTIN, District Judge.

At the outset, the instant case presents the question whether petition-

er's plea of guilty in the state court forecloses him from challenging the constitutionality of the means by which an incriminating statement was obtained from him.

By Indictment No. 2284–A, petitioner was charged in Niagara County in 1966 with the crime of manslaughter in the first degree. He moved to dismiss the indictment on the ground that the legal evidence before the grand jury was insufficient to establish that he had committed the offense charged. The motion was granted by Niagara County Court Judge John V. Hogan, but the prosecution successfully appealed from the order of dismissal, and the indictment was reinstated. People v. Sanney, 32 A.D.2d 737, 301 N.Y.S.2d 899 (4th Dept. 1969). Petitioner's application for leave to appeal to the Court of Appeals was denied, and, without making further motions, he entered a plea of guilty to assault in the first degree in full satisfaction of the indictment. Upon his subsequent appeal, the conviction was affirmed without opinion by the Appellate Division and leave to appeal to the Court of Appeals was denied.

■■■ It is the general rule that a "voluntary guilty plea entered on advice of counsel is a waiver of all nonjurisdictional defects in any prior stage of the proceedings against [the defendant]." United States ex rel. Glenn v. McMann, 349 F.2d 1018, 1019 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). Nevertheless,

. . . we must be wary of blindly applying this doctrine to every case involving such a plea. There is nothing inherent in the nature of a plea of guilty which *ipso facto* renders it a waiver of a defendant's constitutional claims. Rather, waiver is presumed because ordinarily such a plea is an indication by the defendant that he has deliberately failed or refused to raise his claims by available state procedures; therefore, principles of comity and the interests of orderly feder-

al-state relations require that he should not be allowed to present these claims to the federal courts. United States ex rel. Rogers v. Warden, 381 F.2d 209, 213 (2d Cir. 1967).

The reasoning expressed in this quotation leads to the conclusion that a defendant who prior to entering a plea of guilty utilized Section 813–c or 813–g of the former New York Code of Criminal Procedure to raise a Fourth or Fifth Amendment claim by means of a motion to suppress evidence, and who then pressed the claim in the state appellate courts, will not be precluded from raising the claim on an application for federal habeas relief. *See* United States ex rel. B. v. Shelly, 430 F.2d 215, 217 (2d Cir. 1970); United States ex rel. Molloy v. Follette, 391 F.2d 231, 232 (2d Cir.), cert. denied, 391 U.S. 917, 88 S.Ct. 1812, 20 L.Ed.2d 658 (1968); United States ex rel. Rogers v. Warden, *supra,* 381 F.2d at 212–215.

■■ It is conceded in the instant case that prior to entering a plea of guilty petitioner did not make a formal motion to suppress evidence. His motion to dismiss the indictment, however, raised the claims upon which a motion to suppress would have been based and, after the merits of the claims had been determined, it would have been futile to raise them again by a motion to suppress. The courts to which petitioner appealed his conviction apparently treated his motion to dismiss as in effect a motion to suppress. But even if the motion was not so treated, neither the Appellate Division's order affirming the conviction nor the order denying leave to appeal to the Court of Appeals rested on the ground that petitioner had waived the right to appeal his conviction because he had not made a formal motion to suppress prior to entering a plea of guilty, although the prosecution's brief in the Appellate Division had so argued. In the absence of an express affirmance of petitioner's conviction on this ground, he is not barred from

presenting to this court the constitutional claims he has already presented twice to the state courts.[1] A federal habeas judge's "discretion [to] deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts", Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), may not be exercised where the state courts were willing to overlook the bypass and hear the applicant's claims, *see* Warden v. Hayden, 387 U.S. 294, 297 n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), and, if the state courts have not declared a waiver of forfeiture, a federal court is not at liberty to search the state proceedings to identify a legitimate state interest upon which the state courts themselves have not relied. The federal court's discretion to impose a forfeiture is limited to those instances in which a state court has demonstrated the existence of a legitimate state interest and has sought to vindicate it. Anders v. Turner, 379 F.2d 46, 50 (4th Cir. 1967).

McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), in no way bars petitioner's application for federal habeas relief. *Richardson* denied relief to a petitioner who, by failing to challenge the admissibility of an allegedly involuntary confession before entering a plea of guilty, bypassed the state remedies which were available to test his claim. It did not consider the effect of a plea of guilty on the availability of federal habeas relief in cases where an appeal is allowed in the state courts notwithstanding the plea. *See* 397 U.S. at 770 n. 13, 90 S.Ct. 1441, 25 L.Ed.2d 763; United States ex rel. B. v. Shelly, *supra*, 430 F.2d at 217 n. 3.

It is hereby ordered that petitioner's brief on the substance of his constitutional claims be submitted to the court and served upon respondent's counsel by March 2, 1973. Respondent's reply brief shall be submitted and served no later than April 6, 1973. By that date, respondent shall also submit to the court copies of all briefs submitted to the Appellate Division on the two appeals to that court.

So ordered.

---

1. It is unclear from petitioner's papers whether he raised both Fourth and Fifth Amendment claims in the state courts. Of course, this court may consider only those claims which have been "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 510, 30 L.Ed.2d 438 (1972).