Kenneth C. Johnson Jr. J.
This is a proceeding pursuant to CPL 170.25 seeking the removal of a charge from the Town Court of Dryden alleging the misdemeanor crime of a violation of section 1192 of the Vehicle and Traffic Law and requesting that said charge be presented by indictment and tried in a superior court.
The defendant contends that the Justice of the Town Court is not an attorney at law and that trial before the Town *203 Justice would deprive him of his constitutional rights of due process because the case "involves legal and evidentiary problems too complicated for a lay person or anybody unversed in the Law”. The defendant further asserts that conviction of the charge would result in the revocation of his operator’s license depriving him of substantial property rights since as an automobile mechanic he must drive in order to do his work and such revocation would render it extremely difficult for him to continue to earn a living. The defendant further alleges that the Town Justice was "generally antagonistic” and he cannot obtain a fair trial "because of the hostile attitude of the Justice.”
Said CPL 170.25 was derived from section 57 of the former Code of Criminal Procedure. Although the language is not the same, there seems to be no reason why the question of removal should not hinge on a consideration of the same criteria first set down in People v Rosenberg (59 Misc 342. [see People v Banaszak, 76 Misc 2d 397]). These criteria are: (1) the case presents intricate and complicated questions of fact, rendering a jury trial proper; (2) it presents difficult questions of law; (3) a property right is involved; (4) a decision may be far-reaching in its effects and will become a precedent; (5) the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in lower court.
It would appear that this defendant relies on the criteria numbered (1), (2), and (3) above. The case at bar does not present any far-reaching results that would present or become a precedent as required by the criteria set forth in paragraph number (4) and there appears that no "special reason”, as set forth in criteria number (5), was claimed by the defendant that might result in the defendant not receiving a fair trial except the conclusory statements in his moving papers that the said Town Justice was antagonistic. The Justice asserts in his affidavit that his handling of the matter up to the time of this motion was routine and indicates there is no basis for the claim that he is hostile or antagonistic towards this defendant. At any rate, the question is now academic and is of no significance whatsoever since the Town Justice in question is no longer in office, a different Town Justice having been elected and now presiding.
In regard to the criteria set forth above numbered (1) and (2), the Town Court of Dryden as a local criminal court has trial jurisdiction over the defendant’s alleged offense, subject *204 to divestiture (CPL 10.30, subd 1, par [b]). The defendant has the burden of showing "good cause” for divestiture (People v Prisco 68 Misc 2d 493). The defendant Hewitt has failed to present any evidence, other than conclusory statements, that questions of law which may arise on the trial are beyond the capacity of the Town Justice to understand or rule upon. There is some reference to a breathalyzer test, but nothing to indicate there is anything unusual about the circumstances of the taking or the analysis made. The admissability of the results of breathalyzer tests has become fairly standardized and should not be too difficult for a Town Justice to comprehend. There is no claim in this particular case, for example, that a blood sample was lost (People v McAnarney, 28 Misc 2d 778), or was not taken in time (People v Lovejoy, 66 Misc 2d 1003) or other such circumstances to warrant removal on the grounds of legal complexity of questions of law that may arise in the trial. There appear to be no facts or evidence in the moving papers in this case to indicate anything out of the ordinary to be presented other than a normal "run of the mill D.W.I.” case.
In regard to the criteria set forth above numbered (3), the Court of Appeals has held that the possession of a license to drive is a vested property right (Matter of Moore v Macduff, 309 NY 35). On the basis of that decision one court, permitting removal, said it seemed reasonable that all applications which involve mandatory revocation of licenses upon conviction, should be granted (People v Robbins, 26 Misc 2d 963). In the Robbins case the court would apply the property right theory to any holder of a driver’s license, whether or not its possession was essential to the defendant’s livelihood. In other cases the courts have said the mere existence of a property right, standing alone, is not enough to warrant removal (People v Stein, 236 NYS2d 703; People v Maligno, 49 Misc 2d 1009), but both of those cases involved liquor licenses. It appears that in the case of People v McAnarney (supra) which was concerned with a self-employed business man with "a definite need to drive,” that the removal of the trial would have been granted on a property right basis alone. However, that case also involved a more important factor not present here — the accidental destruction of a blood sample before it was analyzed.
A defendant’s license to drive is, of course, revocable upon *205 conviction of driving while intoxicated whether the trial is held in a local criminal court or a superior court. All other things being equal, this court is not persuaded that trial in a local court, carrying the potential loss of that property right, may deprive a defendant of his property without due process of law. What this defendant is really seeking here is a judicial pronouncement that local Justice Courts, unless presided over by an "attorney” judge, are incompetent to act as tribunals for the trial of misdemeanors, such as the one here involved. The defendant here has pointed out that the Supreme Court of California recently ruled to that effect (Gordon v Justice Court, 12 Cal 3d 323). The opinion of the California Supreme Court is entitled to great respect, but is in no way controlling here. In any event, this court considers the question to be one for the State Legislature. In this connection it is noted that the present statute assigning jurisdiction to local criminal courts (CPL 10.30) was enacted in 1970, and thus the Legislature had the recent opportunity of radically revising the substantially similar system for the trial of misdemeanors provided for in section 56 of the Code of Criminal Procedure. That it did not chose to do so indicates it was satisfied that local criminal courts were fully capable of conducting fair trials within their assigned jurisdiction, especially in view of the divestiture procedure of CPL 170.25. It is important to note the fact that California seems to have no such provision as said CPL 170.25 for divestiture by a superior court which could be used upon a showing of "good cause” for removal. This may possibly have been an important consideration and may have had a bearing on the decision reached in the Gordon case.
Just very recently it was reported in a Post Standard newspaper article of March 12, 1975, that State Supreme Court Justice Richard N. Donovan ruled there was nothing unconstitutional about our State laws allowing nonlawyers to serve as Town and Village Justices. Justice Donovan held that section 20 of article 6 of the New York State Constitution concerning the qualifications of Town Justices, section 31 of the Town Law and subdivision (a) of Section 105 of the Uniform Justice Court Act, specifying completion of certain training courses by Town Justices, complied with the due process provisions of the Constitution of the United States of America and adequately provided for sufficient training of nonlawyers to serve as Town Justices.
*206 Motion denied.