## (December 3, 1976)

■ In the Matter of the STATE OF NEW YORK, Petitioner, v NORMAN L. HARVEY, as Justice of the Supreme Court of the State of New York, et al., Respondents, and DAIRYLEA COOPERATIVE, INC., Intervenor-Respondent.—Application denied and petition dated July 21, 1976 dismissed, without costs. By this article 78 proceeding, the petitioner seeks a judgment restraining the respondents from ordering and enforcing the disclosure of certain particulars demanded by the defendants in a criminal case pending in the Supreme Court, Albany County, entitled "The People of the State of New York v. Dairylea Cooperative, Inc., Henry Weinblatt, Harry Carter and Robert Silva." Initially, it is clear that respondent Justice Harvey had jurisdiction and authority to require the prosecution to furnish bills of particulars containing information necessary to enable the defendants to prepare their defense (CPL 200.90). Assuming, without determining, that the particulars ordered disclosed by this respondent are overly broad, the

determination in question could only be characterized as an error of law the review of which is not available by way of collateral proceeding *(Matter of State of New York v King,* 36 NY2d 59, 62). Moreover, even if viewed as an excess of authority, the determination would not, in our opinion, rise to the level of a "gross abuse of power" which would justify and require correction by means of the extraordinary remedy of prohibition (e.g., *La Rocca v Lane,* 37 NY2d 575, 580–581, cert den 424 US 968; compare *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15). In either case, for the policy reasons enunciated by the Court of Appeals in several recent decisions, the instant proceeding does not lie (see *Matter of State of New York v King, supra; Matter of Nigrone v Murtagh,* 36 NY2d 421; *La Rocca v Lane, supra; Matter of Dondi v Jones,* 40 NY2d 8). Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.