Per Curiam.

There are two significant issues. The first attacks, on due process constitutional grounds, the use of nonlawyer town and village Justices. The second involves the alleged lack of opportunity by defendant to be advised of his right to counsel and the availability of such counsel.
On the first due process issue the State Constitution provides for the continuance of town and village courts as they existed in the past (NY Const, art VI, § 17, subd a). The State Constitution also provides the Legislature with the power, subject to some limitations, to change the jurisdiction of town and village courts or to eliminate them (subds a, b). It also provides that the Legislature shall have power to prescribe the qualifications of town and village Justices (NY Const, art VI, § 20, subd c). Consequently, under the State Constitution the current practice of lay town and village Justices is authorized.
Insofar as the Federal Constitution is concerned, the Supreme Court has determined that in certain circumstances so long as defendant has the effective alternative of a criminal trial before a court with a traditionally law-trained Judge or Judges, there is no violation of the Federal Constitution (North v Russell, 427 US 328, esp pp 333-339). CPL provides for a procedure to divest the town and village courts, of, and remove to a superior court, the power to try and determine a criminal case (170.25). Consequently, there is no evident Federal infirmity in the New York State system of town and village courts with lay Justices. If there be such Federal infirmity, it is for the Supreme Court to make such determination (but see Gordon v Justice Ct., 12 Cal 3d 323, esp pp 327-328).
On the second issue, the record does not show whether *222 defendant’s right to counsel was denied or. impaired. The briefed assertions submitted are contradictory. The appropriate procedure to establish such denial or impairment, if any, would be a motion to vacate the judgment in the nature of coram nobis under CPL 440.10. Such motion would include the submission of affidavits and perhaps entail a hearing (see CPL 440.30), thereby providing a proper record whereas there is none at all now except as to the actual trial.
Because defendant does not specify how any witnesses he would have called could have aided his defense, the Trial Justice’s failure to issue a subpoena on behalf of defendant cannot be said to warrant disturbance of the conviction. As to the limitation put on cross-examination of witnesses, all the Justice did was exercise the court’s discretion so that impeachment not stray unrestrained to completely irrelevant matters. With respect to other alleged errors, they turn on the failure of defendant, proceeding as attorney pro se, to make proper applications, objections, and exceptions, and therefore depend on whether his right to counsel was denied or impaired.
Accordingly, the order of the County Court should be affirmed without prejudice to the making of a motion pursuant to CPL 440.10.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.