OPINION OF THE COURT
Charles B. Swartwood, J.
The defendant Frank Dean was arrested in the Village of Owego, Tioga County, New York, in the early morning hours of August 13, 1978 and charged with violating subdivision (a) of section 1120 (failure to keep right) and subdivision 3 of section 1192 (driving while intoxicated) of the Vehicle and Traffic Law. The driving while intoxicated charge is a misdemeanor charge and punishable by a fine or imprisonment up to one year or both.
The defendant has moved pursuant to CPL 170.25 to have the driving while intoxicated charge prosecuted by indictment and presented to the Grand Jury for that purpose rather than *782 permitting the matter to be tried in the local Village Justice Court over which a nonlawyer Judge would preside.
The defendant bases his motion, first, upon the ground that complicated questions of law and fact exist in his case and justice requires that the rulings on these issues be made by a lawyer Judge in order that he may be guaranteed a fair trial. The principal issues are whether there was probable cause to stop the defendant and whether he in fact failed to co-operate in the breathalyzer test.
The defendant has also requested removal of this case from the local criminal court to a superior court on the ground that the due process clause of the Fourteenth Amendment of the Federal Constitution mandates such a removal under these circumstances where a defendant requests that he be tried by a lawyer Judge.
As to the latter point the Court of Appeals made the following statement in People v Skrynski (42 NY2d 218, 221): "Insofar as the Federal Constitution is concerned, the Supreme Court has determined that in certain circumstances so long as defendant has the effective alternative of a criminal trial before a court with a traditionally law-trained Judge or Judges, there is no violation of the Federal Constitution (North v Russell, 427 US 328, esp pp 333-339). CPL provides for a procedure to divest the town and village courts, of, and remove to a superior court, the power to try and determine a criminal case (170.25).”
CPL 170.25 provides that a superior court may, upon defendant’s motion "showing good cause to believe that the interests of justice so require,” order that the charge pending in a local criminal court be prosecuted by indictment and that the charge be presented to a Grand Jury for this purpose.
Previously, cases have been removed to a superior court under CPL 170.25 and its predecessors only when the case met certain criteria such as the case presented intricate and complicated questions of fact, difficult questions of law, issues involving possible loss of a valuable property right, questions the resolution of which would have far-reaching effects or the defendant for some reason could not have a fair trial in the lower court. (People v Prisco, 68 Misc 2d 493, 495; People v McAnarney, 28 Misc 2d 778, 779; People Rosenberg, 59 Misc 342.)
A fair reading of People v Skrynski (42 NY2d 218, supra) mandates that an additional ground for removal be added to *783 the traditional criteria and that, when the misdemeanor charged is punishable by a sentence of confinement, here up to one year, and the lower court is presided over by a lay Justice, the case is removable as of right on the motion of the defendant to be prosecuted by indictment in a superior court which are all presided over by lawyer Judges. If the removal statute is to provide an "effective alternative” to trial before a lay Justice, removal has to be available to the defendant as a matter of right under these circumstances. North v Russell (427 US 328) dictates this conclusion.
The defendant’s motion is granted.