In the Matter of ROBERT J. SIMPSON, as District Attorney of Tioga County, Petitioner, v CHARLES B. SWARTWOOD, as Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) seeking, *inter alia,* to prohibit respondents from taking further action to enforce the order of Supreme Court, Tioga County, directing petitioner to prosecute the misdemeanor charge in *People v Frank L. Dean* by indictment in the County Court of Tioga County. In his decision on respondent Dean's motion for divestiture, the respondent Swartwood found that since respondent Dean is charged with a misdemeanor which could result in a term of imprisonment and, since the local criminal court is presided over by a lay Justice, the respondent Dean was, as a matter of right, entitled to a transfer of the charge against him to a superior court to be prosecuted by indictment. The respondent Swartwood has the authority to require that a misdemeanor charge be prosecuted by indictment (CPL 170.25). Consequently, the instant petition must be dismissed since the extraordinary remedy of prohibition does not lie to review an error of law in a pending criminal action *(Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of State of New York v Harvey,* 55 AD2d 716). Petition dismissed, without costs. Mahoney, P. J., Sweeney and Staley, Jr., JJ., concur.

Greenblott and Herlihy, JJ., concur in separate memoranda as follows: Greenblott, J. (concurring). While I concur in the result reached by the majority, I disagree with the majority's holding that prohibition does not here lie. In my view, prohibition is available to review Special Term's order to determine whether it "exceed[ed] its authorized powers in a proceeding over which it has jurisdiction" *(Matter of State of New York v King,* 36 NY2d 59, 62) when it removed the misdemeanor charge for the reason it specified. It is settled that prohibition is "never available merely to correct or prevent trial errors of substantive law or procedure, however grievous" *La Rocca v Lane,* 37 NY2d 575, 579, cert den 424 US 968). Here, however, Special Term's order cannot be viewed merely as a trial error of substantive

law or procedure in a pending criminal action, which, for example, occurred in *King (supra* [trial court erroneously granted defendants 30 rather than 20 peremptory challenges]) and in *Matter of State of New York v Harvey* (55 AD2d 716 [trial court order of disclosure]). Rather, its order, if erroneous, may constitute "an unlawful use or abuse of the entire action or proceeding" *(Matter of State of New York v King, supra,* p 64; see, also, *Matter of Dondi v Jones,* 40 NY2d 8, 13), and is therefore reviewable by way of prohibition. Although I conclude that Special Term's order may be reviewed by way of prohibition, in my view the court's removal of the misdemeanor charge to the Grand Jury for prosecution by indictment constituted a lawful use of its authorized powers, since under *People v Skrynski* (42 NY2d 218) a defendant charged with a crime carrying a possible term of imprisonment has an absolute right to trial before a law-trained Judge.

Herlihy, J. (concurring). While I agree with the majority statement that prohibition is not a proper remedy in the present proceeding, I would further observe that the statute in question (CPL 170.25) does not require removal "as of right" as stated by Special Term, but rather is a matter of discretion on the part of the court (cf. *Matter of Hewitt,* 81 Misc 2d 202).