In the Matter of the LEGAL AID SOCIETY OF SULLIVAN COUNTY, INC., Petitioner, v LOUIS B. SCHEINMAN et al., Respondents.

Third Department, April 3, 1980

**APPEARANCES OF COUNSEL**

*Gary Waldman* for petitioner.

*Louis B. Scheinman, County Court Judge,* respondent *pro se.*

*Joseph Jaffe, District Attorney,* respondent *pro se.*

## OPINION OF THE COURT

KANE, J.

Arrested on October 2, 1979, petitioner's client was charged with resisting arrest, a class A misdemeanor (Penal Law, § 205.30), and with disorderly conduct, a violation (Penal Law, § 240.20, subd 1). He was arraigned in the Town Court of the Town of Mamakating, Sullivan County, but it does not appear that any plea was then entered or that any further proceedings have taken place in that court. Instead, petitioner moved before respondent Louis B. Scheinman, a Judge of the County Court of Sullivan County, to have the charges against him prosecuted by indictment and to have respondent Joseph Jaffe, the Sullivan County District Attorney, present the matter to a Grand Jury for that purpose. His application was denied by decision and order dated November 19, 1979, and petitioner thereafter commenced the instant article 78 proceeding, in the nature of mandamus, to obtain the same relief.

Petitioner's motion was based on CPL 170.25 (subd 1) which provides, in relevant part, that "a superior court having jurisdiction to prosecute such misdemeanor charge by indictment may, upon [a] * * * showing [of] good cause to believe that the interests of justice so require, order that such charge be prosecuted by indictment". Petitioner maintained that since neither of the present Justices of the Town Court of the Town of Mamakating is admitted to practice law, considerations of due process required that the charges pending against him be so removed for action by a Grand Jury in light of *North v Russell* (427 US 328) and *People v Skrynski* (42 NY2d 218). Of course, if it returned an indictment, all subsequent proceedings would take place in the Supreme Court or the County Court of Sullivan County before a judicial officer admitted to practice law (see NY Const, art VI, § 20, subd a; CPL 10.10, subd 2; 200.10, 230.10). Respondent determined that petitioner had not advanced one of the grounds traditionally necessary to support removal to a superior court and treated his application as a claim that the Justices of the particular local criminal court were disqualified. CPL 170.15 (subd 3, par [a]) recites that "a judge of the county court of the county in which such * * * town court * * * is located may * * * order that the action be transferred for disposition from [such town] court * * * to another designated [town] court of

the county, upon the ground that disposition thereof within a reasonable time in the court from which removal is sought is unlikely owing to: (a) Death, disability or other incapacity or disqualification of all the judges of such court". Accordingly, after noting that some of the Town Courts in Sullivan County are presided over by jurists admitted to legal practice, petitioner's motion was denied without prejudice to an application under that provision.

Petitioner's contention is repeated in this proceeding; namely, that he has an absolute due process right to have the pending criminal matter heard by a jurist admitted to practice law, especially when, as here, a conviction of either offense could lead to a sentence of imprisonment (cf. Penal Law, § 70.15, subds 1, 4). Since none of the Justices of the Town Court of the Town of Mamakating are so admitted, his argument continues, it follows that respondent was constitutionally obliged to grant his motion. The statutory alternative mentioned by respondent is discounted as being inapplicable in this factual setting, and petitioner concludes, therefore, that relief in the form of mandamus should issue to compel respondents Scheinman and Jaffe to act in the only manner open to them to prevent an infringement of his constitutional rights.

In our opinion, the petition should be dismissed. It is well settled that constitutional issues will not be decided if the litigation can be resolved on some other ground (e.g., *Comiskey v Arlen,* 43 NY2d 696; *Matter of Peters v New York City Housing Auth.,* 307 NY 519, 527-528). Here, there are two separate reasons for declining to reach the merits of petitioner's constitutional argument.

In context of judicial activity, mandamus will lie to compel the performance of a purely ministerial act (e.g., *Matter of Briggs v Lauman,* 21 AD2d 734 [to determine a motion]), but it is not available to direct the outcome of a matter committed to the judgment or discretion of a court, and this holds true even when the underlying dispute involves questions of constitutional dimension (cf. *Matter of Burton v Marshall,* 20 NY2d 797; *Matter of Saunders v Lupiano,* 30 AD2d 803). Assuming the dictates of due process were enough to convert the plainly discretionary meaning of "may" in CPL 170.25 (subd 1) into a legal "shall", the instant proceeding could not be maintained because it is fairly possible to interpret CPL 170.15 (subd 3, par [a]) in a fashion that would avoid resort to the former

provision. The disposition of certain accusations in a local criminal court could not be expected to occur in a reasonable period of time if all the incumbent Justices thereof suffered from a constitutional "incapacity". We do not necessarily adopt this construction, but the possibility of an intra-county transfer of a pending criminal charge would be sufficient justification to deny mandatory removal to the Grand Jury. In other words, were we to reach and accept the constitutional proposition offered by petitioner, we would nevertheless dismiss his petition since the choice of appropriate relief between those options would remain a matter committed to respondent's judgment.

Secondly, neither the Supreme Court nor the Court of Appeals has directly held that the presence of a jurist admitted to practice law is a minimal ingredient of due process in the disposition of petty offenses. The question was discussed in *North v Russell* (427 US 328, 334, *supra)* but no definitive answer was given because the Kentucky system involved in that case allowed for a trial *de novo* before a lawyer Judge in all cases. Similarly, while its observation may have been prompted by the roughly analogous removal procedure contained in CPL 170.25 (subd 1), the Court of Appeals later found "no evident Federal infirmity in the New York State system of town and village courts with lay justices" *(People v Skrynski,* 42 NY2d 218, 221, *supra).* In jurisdictions which have decided the issue the results have been mixed (e.g., *People v Sabri,* 47 Ill App 3d 962; *Gordon v Justice Ct.,* 12 Cal 3d 323) and courts of this State have expressed differing views on the subject (cf. *Matter of Simpson v Swartwood,* 69 AD2d 954; *People v Dean,* 96 Misc 2d 781; *People v Jones,* NYLJ, July 5, 1977, p 14, col 1). Consequently, although petitioner's contention is not without substance, he is unable to cite any binding judicial precedent or established line of authority in support of his position. At most, the issue is a debatable one and since mandamus, like prohibition, will lie only when the right to that form of relief has been clearly shown (see *Matter of State of New York v King,* 36 NY2d 59, 62), we should dismiss the instant petition without addressing the merits. However, inasmuch as the dissent rejects these procedural barriers and concludes that due process would be offended unless petitioner's charges are heard by a Judge admitted to legal practice, some additional comments are warranted.

Petitioner does not question the individual competence or

impartiality of the Mamakating Town Court Justices. His premise is that a fundamentally fair disposition of minor criminal offenses cannot occur anywhere in New York if the charges involve potential incarceration on conviction and the proceedings take place before a lay Justice. Moreover, in urging that we accept this broad assertion, petitioner does so without submitting any factual information whatever. If proceedings before lay Justices are inherently less fair than those which take place before Judges admitted to legal practice, it would not seem too much to ask that some evidence be offered in support of that proposition. Not only has petitioner failed to prove this claim, he has not called any authority to our attention which even remotely suggests that an empirical comparison between attorney and lay Justices would yield results favorable to his position. In addition, we have been unable to discover any materials which contrast the judicial performance of those admitted to practice law with the performance of lay Justices who have completed the legal training required of them (see Uniform Justice Ct Act, § 105). In short, petitioner's hypothesis has not been established.

Nevertheless, since concepts of due process are not limited by scientific equation, consideration must also be given to other factors. The current system of lay Justices has existed in New York for over 200 years and there has been little constitutional or legislative activity in the direction of requiring them to be admitted to practice law. Neither has there been any detectable increase recently in the number of appeals taken from courts presided over by such Justices, and local criminal court judgments or orders have been reversed at a relatively stable rate. Mechanisms exist to have an incompetent Judge removed from office; to have a partial Judge disqualified from hearing a given case; to transfer a particularly difficult matter to another court and to correct errors committed by the Trial Justice (Judiciary Law, §§ 42, 44; CPL 170.15, 170.20, 170.25, 450.10, 450.60, subd 3). While there is undoubtedly room for improvement, the current system does provide for a fair trial before a fair tribunal and more the Constitution does not require. Admission to legal practice does not necessarily guarantee competence or fairness (see *North v Russell,* 427 US 328, 337, *supra),* and if it were assumed that greater over-all justice would be done by insisting on that qualification for all New York Judges, the change is plainly one for the people or their elected representatives to effect.

The petition should be dismissed, without costs.

MAHONEY, P. J. (concurring). I concur with the majority's conclusion that the petition in this proceeding should be dismissed on procedural grounds.

CASEY, J. (dissenting). The petitioner herein seeks to compel the respondent, the Sullivan County Judge, to remove the charges pending against the petitioner in the Town Court of the Town of Mamakating, to the Grand Jury pursuant to CPL 170.25, for the reason that neither Justice of that town is a lawyer. The majority has concluded that the mandamus sought to obtain this relief is inappropriate because: (1) the application did not allege a traditional removal ground under that section; (2) that the statute is not mandatory but discretionary by the statutory use of the word "may"; (3) that the provisions of CPL 170.15 provide an effective alternative for the relief sought since the petitioner could apply thereunder for a transfer of his pending charges to another Town Court of the same county, presided over by a lawyer Judge; (4) that the constitutional issue involved is at most debatable and, therefore, lacks a showing of a clear legal right to the relief sought, precluding the remedy of mandamus; and (5) that the current system of lay Justices has proven itself adequate for over 200 years in this State.

Prior to the decision of the Court of Appeals in *People v Skrynski* (42 NY2d 218) all of these arguments would be valid reasons for denying the petitioner the relief he seeks. Because of *Skrynski,* however, such considerations are, in our opinion, outmoded.

The only valid interpretation that can be accorded *Skrynski* is that the constitutionality of the New York State system of Town and Village Courts, when presided over by nonlawyer Judges, is preserved only on condition that a defendant charged with an offense subjecting him to confinement has a constitutional right to resort to the divestiture procedure of CPL 170.25 to assure his trial by a court presided over by a lawyer Judge.

*Skrynski* has already been judicially so interpreted (see *Simpson v Swartwood,* 69 AD2d 954, concurring opn of GREEN-BLOTT, J.; *People v Dean,* 96 Misc 2d 781). These authorities recognize the petitioner's constitutional right to removal. Were this interpretation not intended, the Court of Appeals would simply have declared the constitutionality of the New

York State system without mentioning the necessity of the escape hatch provided by CPL 170.25. That statute, having been enacted before *Skrynski,* obviously could not have anticipated and, therefore, did not expressly contain this reason as a basis for removal. What the Court of Appeals did, however, was to use the provisions of this statute (CPL 170.25) to compel removal mandatorily when a defendant circumstanced as the petitioner desires his trial before a lawyer Judge and thus preserve the constitutionality of the whole system of Town and Village Courts in New York State.

Prior to *Skrynski* such removal for traditional grounds may indeed have been discretionary. After *Skrynski,* however, when a defendant faces confinement and wishes to avail himself of his now declared constitutional right, his application made under CPL 170.25 must be granted.

The majority claims, as did the respondent Judge, that CPL 170.15 provides an effective alternative to CPL 170.25, and so the application here is discretionary inasmuch as the petitioner has the choice of either statute, and since mandamus is inappropriate to compel the exercise of a discretionary act, the petition must fail. Significantly and ironically, however, upon this finding of an additional effective remedy the relief demanded was, for that reason, in all respects denied. Having concluded that there were two effective statutes and that the existence of both made the relief sought discretionary under either, the respondent Judge would be effectively immunized from mandamus, leaving the petitioner without any remedy, for such an order denying removal being intermediate only is not appealable by the defendant under CPL 450.10.

Furthermore, by its very provisions, CPL 170.15 is inappropriate to accomplish the result sought, for that statute requires the defendant applicant to show "that disposition * * * [of his charges] within a reasonable time in the court from which removal is sought is unlikely owing to: (a) Death, disability or other incapacity or disqualification of all judges of such court" (CPL 170.15, subd 3, par [a]).

If the defendant fails to show that disposition of his charges within a reasonable time in the local court is unlikely, his application could be denied for that reason alone. Additionally, CPL 170.15 concerns the disqualification of Judges of the local courts and to impose disqualification for the reason that the local Judge is a nonlawyer flies in the face of the legisla-

tive power to prescribe the qualifications of Town and Village Justices (NY Const, art VI, § 20, subd c).

Also, if no law trained Judge presides over any Town or Village Court of a particular county then section 170.15 would certainly not be a proper alternative.

Finally, we also recognize the effective and efficient efforts exerted by so many Village and Town Justices for all the time that system has existed in New York State. Their competency and ability are not issues here. The only issue is how the Court of Appeals in *Skrynski* decided that New York's present system of Town and Village Courts could be preserved in the light of the decision by the United States Supreme Court in *North v Russell* (427 US 328), and we are constrained by that decision in the context and factual pattern of the proceeding before us.

For these reasons, we believe that the application made under CPL 170.25 is required to be granted to insure the defendant the constitutional right to a trial by a law trained Judge, and that the petition herein in the nature of mandamus to compel removal from the Town Court must be granted.

STALEY, JR., J., concurs with KANE, J.; MAHONEY, P. J., concurs in a separate opinion; MIKOLL and CASEY, JJ., dissent in an opinion by CASEY, J.

Petition dismissed, without costs.