Fuchsberg, J.
(dissenting). Is it unconstitutional for a defendant charged with a crime, conviction for which could bring imprisonment, to be compelled to have his case tried before a Judge who is not a lawyer? That is the real issue in this case.
As I see it, the majority’s decision, purportedly based on procedural grounds, despite its protestations to the contrary necessarily assumes its own resolution of the substantive constitutional question. The assumption is that a decision, whether to remove a case, pursuant to CPL 170.25, from a local criminal court presided over by a lay Justice to a “superior court” at which only lawyer-judges may preside, rests within the discretion of a “superior court” Judge.
Because the holding to which this premise leads the court today implicitly deprives the defendant of due process of law, such interpretation of the statute would render it unconstitutional. However, since it is possible to interpret CPL 170.25 to require removal to a “superior court” under these circumstances, that is how I believe the statute should be read.
My holding, of course, would make any denial of a CPL 170.25 motion subject to mandamus. For, while collateral proceedings in a criminal matter are disfavored (e.g., Matter of State of New York v King, 36 NY2d 59), it is elementary that, where a duty is merely ministerial, mandamus lies (see Artis v Keegan, 77 Misc 2d 638; Matter of Bernoff v Amoroso, 188 Misc 845, affd 271 App Div 925; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7801, C7801:9, p 38).
The constitutional question arises in the context of in-formations lodged against the defendant in the Town Court of Mamakating, Sullivan County, for disorderly conduct, a violation (Penal Law, § 240.20), and resisting arrest, a misdemeanor (Penal Law, § 205.30). Conviction of either could bring imprisonment (see New York Sentence Charts, Chart III). Promptly after his arraignment before one of that court’s two Justices, neither of whom is a lawyer, the defendant brought on a CPL 170.25 (subd 1) motion before the Sullivan County Court, which, as a “superior court *19 having jurisdiction to prosecute [a] misdemeanor charge by indictment * * * may, upon motion of the defendant * * * showing good cause to believe that the interests of justice so require, order that such charge be prosecuted by indictment and that the district attorney present it to the grand jury for that purpose”. A case so prosecuted, would, of course, effect a transfer before a lawyer-judge, since indictments in this State are not prosecutable before Town or Village Courts.
Except to express his dissatisfaction with the prospect of a trial presided over by a jurist who is not admitted to the practice of law, defendant, in support of his motion, as in all the ensuing proceedings in this matter, made no attempt to come within the “good cause”' requirement of the statute. Raising no specific issue as to, for instance, the complexity or simplicity of his case, his insistent position was, and continues to be, that the due process clause of the Fourteenth Amendment of the Federal Constitution automatically entitles him to a “lawyer-judge” on demand.
In turn, the People, vigorously opposing the view that New York’s provisions with regard to qualifications for the office of Town Court Justice suffer from any Federal constitutional deficiency, stressed defendant’s failure to demonstrate good cause. In particular, citing, among other cases, People v Rosenberg (59 Misc 342), it asserted that the case was not intricate, that it involved no difficult questions of law, that no property rights were at stake, that the decision in the case would be of no particular precedential consequence and that the case was not of an exceptional character. Essentially on this rationale, the County Court Judge rejected the application, but without prejudice to the defendant moving under CPL 170.15 (subd 3, par [a])[1] *20 for a transfer to one of the other Sullivan County local criminal courts whose judicial personnel included Judges who were members of the Bar.
The defendant did not make the CPL 170.15 (subd 3, par [a]) motion. Instead, as indicated, the Legal Aid Society, on behalf of its client, initiated the present article 78 proceeding. It thereby petitioned for a writ in the nature of mandamus from ;the Appellate Division to compel the County Court Judge to grant the relief the defendant had demanded under CPL 170.25 (subd 1). The Appellate Division dismissed the petition by a sharply divided court on the procedural ground that mandamus does not lie. The dissenters, relying on intermediate court commentary on People v Skrynski (42 NY2d 218),[2] would have held that non-lawyer-Judges are constitutionally acceptable “only on condition that a defendant charged with an offense subjecting him to confinement has a constitutional right to resort to the divestiture procedure of CPL 170.25”. (Matter of Legal Aid Soc. of Sullivan County, 73 AD2d 411, 416 [Casey, J., dissenting].)
A good way to start my analysis is with the two relatively recent cases in which, first the Supreme Court of the United States, and then this court, dealt with challenges to the utilization of lay Judges (North v Russell, 427 US 328; People v Skrynski, 42 NY2d 218, supra).
In North v Russell, the Supreme Court, while it discussed the issue in rather broad perspective, confined its ruling to the narrower question on which the case turned. There it was whether a defendant, who is “subject to possible imprisonment, is denied due process when tried before a nonlawyer police court judge with a later trial de novo available under [Kentucky’s] two-tier court system” (North v Russell, supra, at p 329). At the second tier, the Judge would have been a lawyer, but the defendant did *21 not avail himself of the de novo privilege. Instead, he resolutely maintained that his rights were compromised irrevocably when he was forced to proceed to trial before a non-lawyer-Judge in the first instance.
In overruling this contention and validating the statutory scheme, it is significant that the court emphasized that a defendant’s right to trial de novo was “absolute”, “unconditional” and available “[i]n all instances” (North v Russell, supra, at pp 335, 334; emphasis added). The court did not hold, however, that the constitutional viability of trials conducted by lay Judges depended on the existence of a de novo backstop. Bather, that States are free to devise their own safeguards against inroads on due process is apparent from the fact that the court, recalling the “flexibility and leeway” left to the States under our Federal form of government, expressly cautioned against “converting desirable practice into constitutional commandment” (North v Russell, supra, at p 338, n 6, quoting Shadwick v City of Tampa, 407 US 345, 353-354). It did suggest, though, that, when the penalty of confinement looms, whatever the process is, it “commands scrutiny” (North v Russell, supra, at p 334).
It was in People v Skrynski that our court, not too long afterwards, indeed did scrutinize New York’s statutory scheme. Measuring it by what we took to be the Supreme Court’s determination that “so long as defendant has the effective alternative of a criminal trial before a court with a traditionally law-trained Judge”, we found “no evident Federal infirmity” (People v Skrynski, 42 NY2d 218, 221, supra). Specifically, and without elaboration, in our Per Curiam opinion, we held that CPU 170.25 prescribed such an “effective alternative”.
The present case now calls on us to enlarge on Skrynski. In fine, in deciding whether mandamus lies, we are asked whether the statute is an “effective alternative” because it is peremptory in its call for a judicial order of divestiture, or whether it fulfills that function despite the fact that the “superior court”, before which it may be invoked, is to pass judgmentally on whether the character of the case is such that a failure to effect a transfer to a lawyer-Judge *22 could unduly risk a miscarriage of justice. As indicated earlier, I would hold it has to be the former.
Though cognizant of the general rule of statutory construction that “may” should be interpreted permissively, application of such a rule to this statute would render our lay judicial system unconstitutional. Therefore, in this case, we are guided by the principle favoring statutory construction concordant with constitutionality (see, e.g., People v Nieves, 36 NY2d 396, 400).
Specifically, were CPL 170.25 not to be read as mandating removal upon the request of a defendant subject to a term of imprisonment, inevitably some New York defendants would be tried, convicted and sentenced by Justices who were not lawyers. Such a result simply cannot be reconciled with the Supreme Court’s persistent recitation in North that in all cases the Kentucky de novo system provided a defendant, who so desired, with a trial before a lawyer-judge. In North v Russell, it was the defendant’s choice whether to forego a trial presided over by a lawyer-judge. Here, however, only if CPL 170.25 is read as peremptory— a motion which must be granted upon the request of the defendant — does the choice, as to whether a lay- or lawyer-justice shall preside, remain with the defendant.
That every defendant has recourse to the appellate process provides no succor to those who would contend that the statute may constitutionally be read as one permitting a “superior court” Judge discretion in deciding a CPL 170.25 motion. First, I note that section 2021 of the Uniform Justice Court Act does not require the use of a stenographer to record the proceedings, even if a defendant so requests (see Opn St Comp, 78-316, April 21, 1978). Obviously the effectiveness of appellate review decreases precipitously where there is no transcript which can be reviewed and analyzed to evaluate claims of error at nisi prius.
Further, appellate review by lawyer-judges is similarly not a substitute for an initial trial before a lawyer-judge. Even though CPL 470.15 grants an intermediate appellate court broad powers of review, the posture of a case at the appellate level sharply delimits the court’s power. “The rule is well settled that on the review of a conviction in a criminal case where there is any evidence of guilt, the question of *23 reasonable doubt must be left to the jury or trial court, and the verdict or decision on the facts ordinarily must be deemed conclusive and will not be disturbed unless it is perfectly clear that it is against the weight of the evidence” (People v Atlas, 183 App Div 595, 600, affd 230 NY 629). It necessarily follows that the vaunted presumption of innocence simply cannot play a role at the appellate level (see People v Benzinger, 36 NY2d 29, 32).
Moreover, while the appeal is pending, a defendant may well be incarcerated as there is no constitutional right to bail after conviction (Matter of Gold v Shapiro, 45 NY2d 849, affg 62 AD2d 62,65). Again, the situation is in marked, and unfavorable, contrast to that of the one in Kentucky, where a defendant is entitled to bail while awaiting the de novo trial (North v Russell, supra, at p 335).
And, overall, without exhausting our toll of deleterious fair trial consequences at this point, aside from prejudice in fact, one cannot avoid consciousness of the appearance of unfairness that is almost sure to be sensed by a defendant who is jailed after being forced to trial before a Judge who is not a lawyer. For it “is of fundamental importance that justice should not only be done, but should manifestly and undoubtedly be seen to be done” (Lord Hewart in Rex v Sussex Justices [1924], 1 KB 256, 259).
It is for all these reasons that I would reverse the judgment of the Appellate Division and grant the petition for mandamus.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Meyer concur with Judge Jones ; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Judgment affirmed, without costs.

. In pertinent part, CPL 170.15 (subd 3, par [a] ) reads: “where a defendant is arraigned upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint pending in a city court, town court or a village court having trial jurisdiction thereof, a judge of the county court of the county in which such * * * court * * * is located may, upon motion of the defendant or the people, order that the action be transferred for disposition from the court in which the matter is pending to another designated local criminal court of the county, upon the ground that disposition thereof within *20 a reasonable time in the court from which removal is sought is unlikely owing to: (a) Death, disability or other incapacity or disqualification of all the judges of such court”.

. (See, e.g., Matter of Simpson v Swartwood, 69 AD2d 954 [concurring opn of Greenblott, J.] ; People v Dean, 96 Misc 2d 781.)