OPINION OF THE COURT
Walter T. Gorman, J.
decision/order
On June 11,1982, the defendant, Sandra J. Schultz, filed a motion pursuant to CPL 170.25 seeking removal to superior court and prosecution via indictment. The People filed their answer on July 12, 1982, on which date oral argument was heard. Based upon the papers submitted and upon the oral arguments presented, the following findings of fact and conclusions of law are made.
FINDINGS OF FACT
On April 24, 1982, the defendant was charged via information with a solitary count of reckless endangerment in the second degree in violation of section 120.20 of the Penal Law of the State of New York. She was arraigned before Judge James Jerome in the Town of Geddes Justice Court on May 4, 1982.
The defendant, professing her innocence of the charge, has requested that a jury trial be held. She feels, however, that the interests of justice require that the trial be held before a lawyer Judge. Judge Jerome being a nonlawyer Judge, she has, therefore, moved for removal to superior *940 court under CPL 170.25 (subd 1) and requested that an order be issued by this court directing that the matter be presented to the Grand Jury for indictment.
CONCLUSIONS OF LAW
The defendant’s sole contention in this motion is that “[t]he interest of justice requires that where a misdemeanor charge is punishable by a sentence of confinement and the lower court is presided over by a lay Judge, the case be removed to be prosecuted by indictment in a superior court.” Her sole authority for this contention is the case of People v Dean (96 Misc 2d 781).
The Dean court, in considering a motion pursuant to CPL 170.25, reiterated the five criteria first enunciated by the court in People v Rosenberg (59 Misc 342). In the Rosenberg case, the court held that removal was indicated in the following situations: (1) when the case presented intricate and complicated questions of fact, rendering a jury trial proper; (2) when the case presented difficult questions of law; (3) when there was a property right involved; (4) when a decision may be far-reaching in its effect and become precedent which will regulate a matter of general interest; or (5) when the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in the Court of Special Sessions (the lower court). The Dean court went one step further. In interpreting the New York Court of Appeals decision in People v Skrynski (42 NY2d 218), Judge Swartwood in People v Dean held that an additional ground for removal was mandated — that “when the misdemeanor charged is punishable by a sentence of confinement * * * and the lower court is presided over by a lay justice, the case is removable as of right on the motion of the defendant”. (96 Misc 2d, at pp 782-783.)
The Dean decision, although apparently dispositive of the issue presented here, is not. The instant case is distinguishable factually from Dean. In Dean, the defendant based his motion for removal not only upon the fact that the lower court was presided over by a lay Judge, but grounded it in the first two Rosenberg criteria, as well as the due process cláuse of the Fourteenth Amendment of the *941 Federal Constitution. (Id., at p 782.) This the instant defendant does not do. Nor does she assert any of the remaining Rosenberg criteria, but rather merely on the fact that Judge Jerome is not a lawyer.
The Appellate Division, as recently as 1980, discussed this very assertion. The court in Matter of Legal Aid Soc. of Sullivan County v Scheinman (73 AD2d 411, 415, affd 53 NY2d 12) stated: “The current system of lay Justices has existed in New York for over 200 years and there has been little constitutional or legislative activity in the direction of requiring them to be admitted to practice law * * * While there is undoubtedly room for improvement, the current system does provide for a fair trial before a fair tribunal and more the Constitution does not require. Admission to legal practice does not necessarily guarantee competence or fairness * * * and if it were assumed that greater over-all justice would be done by insisting on that qualification for all New York Judges, the change is plainly one for the people or their elected representatives to effect.” (Emphasis added.)
Judge Fuchsberg, in his dissenting opinion in the Scheinman case (53 NY2d, at p 18), specifically deals with the question of whether a permissible as opposed to a mandatory removal statute, such as now exists in New York, in a case of a potential incarceratory sentence before a nonlawyer Judge unduly risks a miscarriage of justice. In answering this question in the affirmative, Judge Fuchs-berg finds no solace in the existence of an appellate process. (Id., at pp 21-23.)
Even though Judge Fuchsberg cited the Dean case only in a footnote, it would seem that he and Judge Swartwood were espousing the same philosophy. Regrettably, this philosophy is not reflected in the law as it now exists, and must await the “change” by “the people or their elected representatives” spoken of by the majority of the Appellate Division in the Scheinman case (supra).
For the above-stated reasons, the defendant’s motion pursuant to CPL 170.25 (subd 1) must be denied.