OPINION OF THE COURT
Norman A. Mordue, J.
Pursuant to CPL 170.25 (subd 1), defendant moves this court to direct the Oswego County District Attorney to prosecute two misdemeanor charges pending against him by way of presentment to the Grand Jury and formal indictment. He is charged with two violations of the Vehicle and Traffic Law: permitting the uninsured operation of a motor vehicle (Vehicle and Traffic Law, § 319, subd 1) and operating a vehicle while license suspended (Vehicle and Traffic Law, § 511, subd 1). Although the case was scheduled to go to trial in the Hastings Town Justice Court on January 18, 1983, those proceedings have been stayed pending determination of this motion.
CPL 170.25 (subd 1) provides that, upon a showing that the interests of justice so require, a superior court may order the District Attorney to prosecute a misdemeanor charge by indictment. Traditionally, courts have looked to whether the case included difficult questions of law and fact, property rights and local prejudice creating a risk of deprivation of a fair trial. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.25, pp 44-45, and cases cited therein.) Here, there is no contention by defendant that any of the above-mentioned criteria exist; rather, he contends that due process man *523 dates removal to a superior court when, as here, the Justice who would preside over the case is not a lawyer. He claims that in such a case a showing of good cause is not required.
Defendant relies on People v Dean (96 Misc 2d 781), as being dispositive of this issue. In Dean defendant moved to have his driving while intoxicated charge prosecuted by indictment rather than tried before a nonlawyer Judge in the local Village Justice Court. The defendant contended first, that complicated questions of law and fact existed and second, that due process demanded that removal be granted pursuant to the Fourteenth Amendment of the United States Constitution. The court, relying on North v Russell (427 US 328) and People v Skrynski (42 NY2d 218), held (p 783) that in addition to the criteria espoused by the New York courts for removal, “when the misdemeanor charged is punishable by a sentence of confinement, here up to one year, and the lower court is presided over by a lay Justice, the case is removable as of right”. This court disagrees.
In North v Russell (427 US 328, supra), the Supreme Court upheld a Kentucky system which allowed for a trial before a nonlawyer Judge; however, it was shown upon conviction the defendant would be entitled to a de novo trial as of right. Based upon that factor, the court found it “unnecessary to reach the question whether a defendant could be convicted and imprisoned after a proceeding in which the only trial afforded is conducted by a lay judge.” (North v Russell, 427 US, at p 334, supra; emphasis added.)
In People v Skrynski (supra, p 221) the Court of Appeals held that “there is no evident Federal infirmity in the New York State system of town and village courts with lay Justices.” The court determined that the New York statutes, which provide for removal pursuant to CPL 170.25, do not violate the Federal Constitution, citing North v Russell (supra).
In Skrynski, the defendant was convicted of petit larceny and criminal mischief in the fourth degree in the Village Court, Village of Athens, before a nonlawyer Judge. (See decision of Greene County Ct [Fromer, J.], dated May 7, 1976.) The Greene County Court affirmed the conviction, *524 citing Matter of Hewitt (81 Misc 2d 202), as authority for its holding that defendant received a fair trial before a non-lawyer Judge. The court reiterated the findings of the court in Hewitt that New York’s nonlawyer Justices are well educated by the State to serve as Justices.
In Matter of Hewitt (supra), the court held that a defendant who is accused of driving while intoxicated may not without showing “good cause”, have his case removed from the jurisdiction of the nonlawyer Justice to that of a lawyer Judge. Hewitt did not show the requisite good cause. As Justice Herlihy, Appellate Division Justice of the Third Department, observed in his concurring opinion in Matter of Simpson v Swartwood (69 AD2d 954, 955), “the statute in question (CPL 170.25) does not require removal ‘as of right’ * * * but rather is a matter of discretion on the part of the court”.
In the case at bar, defendant Mossow has made no showing that the interests of justice require removal. He has stated none of the criteria traditionally accepted by the New York courts in granting such removal. There are no complex legal issues involved; no mens rea need be determined. The instant case involves two simple crimes arising out of a failure to obey the Vehicle and Traffic Law. There are no issues that a lay Justice would be unable to comprehend.
Defendant’s contention that removal is mandated due to a failure to accord defendant his due process rights because a nonlawyer Judge would preside over his trial is in direct contravention of the Court of Appeals decision in People v Skrynski (supra). The Court of Appeals affirmance in Skrynski was of a conviction by a nonlawyer Judge. The court found no infirmity with New York’s system of lay Justices.
Accordingly, defendant’s motion to require the Oswego County District Attorney to prosecute the two misdemeanor charges against him by Grand Jury presentment is denied.