OPINION OF THE COURT

Per Curiam.

Defendant has been found guilty of conduct which if done by an adult would constitute the crimes of menacing (Penal Law, § 120.15) and trespassing (Penal Law, § 140.05), offenses punishable by imprisonment. After a jury trial before the Conesus Town Court he was adjudicated a youthful offender and sentenced to a term of probation. His adjudication was affirmed subsequently by Livingston County Court. On this appeal he contends that his constitutional due process right to a fair trial has been violated because the charges were prosecuted before a lay Justice.
In People v Skrynski (42 NY2d 218) we held that the practice of employing laymen as Town and Village Justices was authorized by the State Constitution and that it did not violate the requirements of the Federal Constitution, citing North v Russell (427 US 328). In North, the appellant contended that an accused misdemeanant, facing possible incarceration, is entitled in all cases to trial before a *477 law-trained Judge. Without passing on appellant’s claim, the Supreme Court determined that as long as an accused who is initially tried before a nonlawyer Judge has an effective alternative of a criminal trial before a court with a traditionally law-trained Judge or Judges, there is no violation of the due process clause of the Federal Constitution. We noted in Skrynski that CPL 170.25 provides such an effective alternative by establishing a discretionary procedure to divest town and village courts, of, and remove to a superior court, the power to try and determine a criminal case.
In Skrynski defendant had not moved for removal pursuant to CPL 170.25. In the present case defendant did, alleging in his motion papers that he had an “absolute right to be tried before a lawyer judge.” No other reason for removal nor any claim of possible prejudice was stated. County Court denied defendant’s applications. In this post-trial appeal, defendant assigns no trial errors requiring reversal nor any specific prejudice resulting from the conduct of .the trial by a lay Judge. Indeed, the District Attorney claims that defendant did not register a single objection or protest during the trial. Thus, defendant neither anticipated any errors by reason of his trial before a lay Judge nor suffered any. His claim is the same as that advanced in Skrynski that he is entitled to a law-trained Judge, in any event, if the possibility of incarceration exists upon conviction of the charges and that the motion to remove necessarily had to be granted.
A defendant is constitutionally entitled to receive a fundamentally fair trial (see North v Russell, supra, at p 337) but the mere allegation that a Judge lacks legal training does not mandate removal. A defendant has no absolute due process right under New York or Federal law to trial before a law-trained Judge and defendant having asserted no other cause for removal here, County Court properly denied his pretrial motion and affirmed the judgment entered after trial.
Accordingly, the order of County Court should be affirmed.