Kaye, J.
(dissenting). While lay Judges unquestionably make a significant, valued contribution to the functioning *478 of our judicial system, defendants facing imprisonment, with a complex array of constitutional and statutory rights, must have the option to be tried before law-trained Judges. This position is compelled by the holding of the United States Supreme Court in North v Russell (427 US 328), and consistent with the decision of this court in People v Skrynski (42 NY2d 218, 221).
In May, 1981 three informations were issued by the Conesus Town Court, charging appellant with criminal mischief in the fourth degree (a class A misdemeanor), menacing (a class B misdemeanor), and trespass (a violation). If convicted, he faced incarceration for up to one year. Given the charges, appellant had the constitutional right to representation by counsel, and to have such counsel assigned at public expense if necessary (CPL 170.10, subd 3, par [c]), and he was by law entitled to a trial by jury (Baldwin v New York, 399 US 66, 73-74; People v Dargan, 27 NY2d 100,102, cert den 400 US 920). Appellant pleaded not guilty and demanded a jury trial. Through counsel, he filed a demand to produce together with motions for Brady materials, a bill of particulars, and a Sandoval hearing. These were all returnable in the Conesus Town Court, where neither Judge was law trained.
Appellant also moved in County Court for an order removing the action to a court where the Judges must be law trained.[1] The basis for appellant’s motion was that, as he had been charged with offenses carrying potential penalties of up to one year’s imprisonment, he had an absolute right to be tried before a lawyer Judge.
In January, 1982, the County Court denied appellant’s motion. In its memorandum decision, the court stated that, unlike the defendant’s rights to trial de novo in North v Russell (427 US 328, supra), which was “absolute, unconditional and available in all instances,” the New York removal procedure under CPL 170.25 does not entitle a *479 defendant to removal as of right but rather requires a showing of good cause and rests with the discretion of the County Court. The fact that appellant was charged with offenses that could result in incarceration did not, in the court’s view, constitute the “good cause” required for removal under CPL 170.25, since this court in People v Skrynski (42 NY2d 218, supra) and Matter of Legal Aid Soc. v Scheinman (53 NY2d 12) declined to rule that a lawyer Judge is required in such circumstances.
Appellant proceeded to trial in Town Court before a jury and lay Judge. No record was made. In March, 1982, he was convicted of menacing and, having been adjudicated a youthful offender, was placed on one year’s probation, a violation of which would in itself have been punishable by incarceration. The County Court affirmed the conviction “in accordance with” its earlier decision denying appellant’s removal motion, and we granted leave to appeal.
The conclusion reached by the County Court is not dictated by our prior decision in People v Skrynski (42 NY2d 218, supra) or Matter of Legal Aid Soc. v Scheinman (53 NY2d 12, supra). In Skrynski, on appeal from a conviction and sentence of incarceration by a lay Judge, we concluded that “there is no evident Federal infirmity in the New York State system of town and village courts with lay Justices” because the procedure to remove a case under CPL 170.25 provided the “effective alternative of a criminal trial before a court with a traditionally law-trained Judge” required by North v Russell (supra; People v Skrynski, 42 NY2d 218, 221, supra). But the defendant in Skrynski had not requested removal, so there was no basis for our holding that removal to a court with a law-trained Judge would not have been available to him. In Scheinman, because of the procedural posture of the case, we did not reach the issue of the constitutionality of trial before a lay Judge when a defendant facing incarceration requests, and is denied, removal under CPL 170.25. (Matter of Legal Aid Soc. v Scheinman, 53 NY2d 12, 16, supra.) The issue clearly is presented here.
As this case demonstrates, the removal procedure provided by CPL 170.25 is not an “effective alternative of a criminal trial before a court with a traditionally law- *480 trained Judge,” unless that statute is read to require removal upon request of a defendant where incarceration is an available penalty. The statute should be so read: the threat of imprisonment should itself constitute “good cause” for removal, and denial of a request for removal in these circumstances should be deemed an abuse of discretion under CPL 170.25.
Appellant, facing the possible deprivation of his liberty, had the right to trial before a law-trained Judge (see North v Russell, 427 US 328, supra). The right to effective assistance of counsel and the right to trial by jury, both so jealously guarded, lose force without a law-trained Judge to insure that motions are disposed of in accordance with the law, that evidentiary objections are properly ruled on, and that the jury is correctly instructed. Lay Judges are an important segment of the judicial system of this State. But “a lay person, regardless of his educational qualifications or experience, is not a constitutionally acceptable substitute for a member of the Bar.” (People v Felder, 47 NY2d 287, 293 [right to law-trained counsel]). Because of the technical knowledge required to insure that defendants facing imprisonment are afforded a full measure of the rights provided to them, use of non-law-trained Judges is a procedure that “involves such a probability that prejudice will result that it is deemed inherently lacking in due process.” (See Estes v Texas, 381 US 532, 542-543.) No particular trial error need be shown.[2]
The considerations favoring law-trained Judges are all the more compelling where, because of the nature of the charges, a jury trial has been provided by law. While lay Judges bring a welcome sense of community values and practical wisdom to the courtroom, when a trial is conducted before a jury, those perspectives are furnished by the jury. The Judge’s role in a jury trial is necessarily more technical. The Judge must assure that the rules of evidence are complied with, and that the jury is correctly instructed on the law. Despite the courses prescribed for nonlawyer *481 Town and Village Justices,[3] their training in the law, and especially their exposure to the complexities of a criminal jury trial, do not approach a law school education and experience at the Bar.
In view of the requirements and discretionary nature of a motion under CPL 170.25,[4] that procedure, as it stands, “requires too much and protects too little.” (Ward v Village of Monroeville, 409 US 57, 61.) In keeping with our policy of construing statutes, if possible, so as to uphold their constitutionality (People v Nieves, 36 NY2d 396, 400; Matter of Bell v Waterfront Comm,., 20 NY2d 54, 62; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c), we should construe CPL 170.25 to provide for mandatory removal of cases to County Courts when requested by defendants who are scheduled to proceed to trial before lay Judges in Town or Village Courts on charges which could lead to imprisonment.[5] (See Silberman, Non-Attorney Justice: A Survey and Proposed Model, 17 Harv J Legis 505, 543.) As such, the order of the County Court herein was an abuse of discretion under CPL 170.25.
The argument that it would be difficult throughout the State to find law-trained persons to serve as Judges cannot preclude what is constitutionally required. Indeed, this court rejected a similar argument regarding the assignment of counsel in People v Witenski (15 NY2d 392, 397- *482 398): “The dissenting opinion in this court suggests that a requirement for assignment of counsel in Special Sessions Courts is impracticable because the Judges would have difficulty in finding lawyers to assign. We do not think this fear well grounded. There are about 54,000 registered lawyers in this State, or one lawyer to every 300 inhabitants. Each county of the State, including Rockland County where these defendants were sentenced, has a substantial number of resident attorneys and the New York State Bar Association has 96 members living in that county. In the Village of Spring Valley, where this Justice of the Peace has his office, there are 40 resident lawyers”. The dissenters there also argued unsuccessfully that the requirement of assigned counsel in outlying lower courts would be a change in the criminal process “unworkable without extensive implementation” and “accompanied by an appropriation of public money” and ought therefore to be in the form of a legislative enactment. (15 NY2d, at p 398.) Any similar argument here that a requirement of law-trained Judges must come from the Legislature should likewise be rejected.
Accordingly, the order of the County Court should be reversed, appellant’s adjudication should be vacated, and the case should be remitted to County Court with instructions to grant appellant’s motion to remove pursuant to CPL 170.25.
Judges Jasen, Jones, Meyer and Simons concur in Per Curiam opinion; Judge Kaye dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Wachtler concur.
Order affirmed.

. CPL 170.25 (subd 1) provides: “At any time before the entry of a plea of guilty to or commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, a superior court having jurisdiction to prosecute such misdemeanor charge by indictment may, upon motion of the defendant made upon notice to the district attorney, showing good cause to believe that the interests of justice so require, order that such charge be prosecuted by indictment and that the district attorney present it to the grand jury for such purpose.”

. While the majority rests its holding on the fact that no specific trial errors were identified, this court has not in the past hesitated to recognize important individual rights irrespective of a showing of particular prejudice by defendant. (See, e.g., People v Jones, 47 NY2d 409, 417, cert den 444 US 946; People v Felder, 47 NY2d 287, 295-296; People v Crimmins, 36 NY2d 230, 238; People v De Lucia, 20 NY2d 275, 280.)

. Nonlawyer Town and Village Justices are required to attend training courses prescribed by the chief administrator of the courts (UJCA 105, subd [a]; Judiciary Law, § 212, subd 1, par [r]). The basic training consists of six days of classes, only three of which are spent on courses relating to criminal cases. Successful completion of the training requires attendance at only 80% of such classes. (22 NYCRR 17.2.) This is hardly a substitute for the education and experience of a lawyer. In the proposed revision of 22 NYCRR 17.2 of the Rules of the Chief Judge relating to the education and training of Town and Village Justices, even lawyer-Justices will be required to supplement their skills by attending training courses.

. On a motion pursuant to CPL 170.25, defendant has the burden to show good grounds for removal. (People v Cannizzario, 17 Misc 2d 839,841.) A defendant must show that his case presents particularly intricate questions of law or fact, that property rights are involved, that the decision will have far-reaching precedential value, or that there are particular facts that show defendant could not get a fair trial in the lower court. (People v Rosenberg, 59 Misc 342, 343-344; Matter of Hewitt, 81 Misc 2d 202, 204.) The court’s decision on a CPL 170.25 motion is seen as an exercise of discretion normally not subject to appellate review. (Matter of Cross [Kiliani], 275 App Div 719, app dsmd 299 NY 680, cert den 338 US 859.)

. We do not now pass on whether other legislative schemes to provide for the mandatory right to a trial by a law-trained Judge at some point in the judicial process would also be constitutional. Under the present statutory scheme, CPL 170.25 must be interpreted according to this opinion in order to meet Federal constitutional standards.