OPINION OF THE COURT
Richard B. Meyer, J.
Defendant, Nicole DiSalvo, seeks an order pursuant to CPL 170.25 directing that the charge now pending against her in the Justice Court of the Town of North Hudson, Essex County, New York, be prosecuted by indictment and that the Essex County District Attorney present it to the grand jury for such purpose. Defendant is currently charged with the crime of criminally possessing a hypodermic instrument as defined in Penal Law § 220.45, a class A misdemeanor.
Defendant contends that intricate and novel legal issues are presented here which are beyond the training and experience of the local court’s nonlawyer justices, and as a result the defendant may not be able to get a fair trial. Specifically, defendant claims that Penal Law § 220.45, when read with Public Health Law § 3381, raises complex legal issues not yet resolved by the courts and beyond the ken of the nonlawyer justices presiding in town court, including whether the People must allege and prove that not only did the defendant possess a hypodermic instrument but also that such possession was not pursuant to a written prescription of a practitioner, that defendant is not a person authorized by the commissioner to obtain and possess such an instrument, and that defendant did not purchase it from a pharmacy.
Defendant bears the burden of establishing the existence of “good cause” for removal of a misdemeanor prosecution from a local criminal court to a superior court (see, People v Prisco, 68 Misc 2d 493 [1970]; People v Lovejoy, 66 Misc 2d 1003 [1971]), including the presence of the following criteria:
“(1) the case presents intricate and complicated questions of fact, rendering a juiy trial proper; (2) it presents difficult questions of law; (3) a property right is involved; (4) a decision may be far-reaching in its effects and will become a precedent; (5) the case is of exceptional character and that the defendant, for some special reason, cannot have a fair trial in lower court.” (Matter of Hewitt, 81 Misc 2d 202, 203 [1975].)
Here, defendant has failed to meet her burden. No valuable property right of the defendant is involved. The fact that little *563 case law exists construing the interplay between Penal Law § 220.45 and Public Health Law § 3381 (6), and that the defendant disagrees with the holding in People v Lobianco (2 Misc 3d 419 [2003]), does not establish the existence of legal questions too difficult for a lay judge nor rise to the level of exceptional circumstances. Defendant has not established that a decision rendered in local criminal court will likely have far-reaching precedential value, particularly since any adverse ruling will result in an appeal to a higher court.
Any constitutional due process claim based upon a lay justice presiding in local criminal court is without merit (see People v Charles F., 60 NY2d 474 [1983]; People v Skrynski, 42 NY2d 218 [1977]). Neither length of tenure as a justice nor mere admission to practice law, by themselves, are adequate indicators of competence or fairness in the judicial handling of a matter (see North v Russell, 427 US 328 [1976]). Nonlawyer judges in this state not only receive regular judicial training (see 22 NYCRR part 17), but they also have access to a legal resource center staffed by attorneys should they wish to seek assistance with any matter, complicated or not.
This court declines to exercise its discretion under CPL 170.25; the defendant’s motion is denied in all respects.