**GILLESPIE & COMPANY OF NEW YORK, INC., and Gillespie & Company of Puerto Rico, Inc., Plaintiffs-Appellants,**

v.

**WEYERHAEUSER COMPANY, Defendant-Appellee.**

**No. 718, Docket 75–7569.**

United States Court of Appeals, Second Circuit.

Argued March 18, 1976.

Decided April 1, 1976.

Gary Mailman, Julian S. Perlman, Allan J. Kirschner, Liebman, Eulau, Robinson & Perlman, New York City, for plaintiffs-appellants.

George A. Davidson, Robert J. Sisk, Barbara L. Yessel, Hughes Hubbard & Reed, New York City, for defendant-appellee.

---

Before FEINBERG, Circuit Judge, MOORE, Senior Circuit Judge, and WYZANSKI, Senior District Judge.*

PER CURIAM:

The narrow question which we find dispositive of this case, is whether the District Court abused its discretion in denying a preliminary injunction.

Because of the narrowness of the issue, and because we seek to avoid any implication of our own views of what a plenary trial might show to be the facts or what are the ultimate conclusions of law, we shall be brief in describing the controversy as it now appears on the basis of the evidence so far taken in the trial court.

Weyerhaeuser Company, defendant-appellee, among its activities, manufactures milk-container blanks used by dairies. Gillespie & Company of New York, Inc., one of plaintiff-appellants, among its activities, exports such containers. There is now no need to refer to Gillespie and Company of Puerto Rico, Inc., because so far no significant evidence respecting it has been admitted in the District Court.

Gillespie, whether as a customer or as an agent—a point not so far determined—for 27 years acquired containers from Weyerhaeuser pursuant to well-defined relationships not, however, embodied in an all-embracing written contract. Gillespie then marketed the containers in Puerto Rico and other areas south of the United States.

On December 4, 1974, Weyerhaeuser, having the view that its relationship with Gillespie was terminable at will, informed Gillespie that Weyerhaeuser terminated, effective February 1, 1975, its relationship and offered Gillespie several hundred thousand dollars, said by Weyerhaeuser to be the economic equivalent of Gillespie's profits for one year in handling Weyerhaeuser containers. Gillespie objected. It ceased to make payments which would ordinarily have been due to Weyerhaeuser for products it had shipped to Gillespie. On its part, Weyerhaeuser cancelled pending Gillespie

orders, suspended shipments to Gillespie, and repossessed eleven ocean freight containers which had already been delivered to the dock.

December 17, 1974 Gillespie commenced this action. Its complaint included claims of (1) breach of contract, based chiefly on the allegedly unreasonably short notice of termination of its relationship with Weyerhaeuser, (2) inducing breach of contract, (3) unfair competition, and (4) various alleged violations of the anti-trust laws. Weyerhaeuser denied liability, and counterclaimed for more than $1,500,000 said to be owed for milk containers.

Two and a half months later, March 4, 1975, Gillespie filed a motion seeking to enjoin Weyerhaeuser from (1) soliciting plaintiffs' customers, (2) disparaging plaintiffs, (3) appropriating plaintiffs' shipments of containers to Gillespie, and (4) directing plaintiffs' customers to pay defendant, rather than plaintiffs, for shipments previously made to such customers in plaintiffs' name.

Because plaintiffs were not prepared, argument in the District Court did not occur until April 11, 1975. July 2, the District Judge denied the motion. July 14, Gillespie moved for reargument. September 3, the District Judge denied it. October 1 Gillespie filed a notice of appeal, but did not seek temporary relief pending appeal. In this Court Gillespie twice sought and obtained extensions of time to file its brief.

Meanwhile, June 18, 1975 Gillespie filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Then Gillespie stopped selling milk containers, and most of its personnel active in that business went to other firms selling like containers.

There is substantial evidence that the names of enterprises to which Gillespie had been selling containers manufactured by Weyerhaeuser were easily learned from public directories and like open sources, and did not comprise a confidential list.

The District Judge's July 2 denial of plaintiffs' motion was accompanied by a

---

* Senior District Judge of the District of Massachusetts, sitting by designation.

memorandum. Therein the judge, upon the basis of substantial evidence, found facts such as we have indicated. He concluded that (1) the relationship, or, as he called it, "agreement" was terminable at will, or at most on reasonable notice, (2) Weyerhaeuser gave 58 days' actual notice and made an offer of a termination payment "which would have been the equivalent of more than one year's notice," (3) Gillespie's failure to make scheduled payments after December 4, 1974 justified Weyerhaeuser (a) in not making further shipments and (b) in repossessing containers already delivered to carriers, (4) Gillespie's customers being ascertainable from public listings, their names did not constitute a trade secret, and (5) there was no evidence of Weyerhaeuser's having (a) disparaged Gillespie or (b) improperly cut prices. The District Judge found "neither a clear showing of probable success on the merits nor of irreparable injury." (Tr. 366a)

The case is before us on a very limited scope of review, that is, we are concerned only whether the court below abused its discretion. *Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319, 323 (2nd Cir., 1969); *Carroll v. Associated Musicians*, 284 F.2d 91, 92 (2nd Cir., 1960).

Without intimating what would be our position on a full record, we do not regard it as erroneous on the present record for the District Court to have found that the relationship between Weyerhaeuser and Gillespie was terminable either at will or on reasonable notice, that the notice here given was reasonable, that, therefore, it was not excusable for Gillespie not to make scheduled payments when due, that, therefore, Weyerhaeuser had a right to cancel shipments and to repossess shipments as it did, that the list of Gillespie's customers was not a trade secret, and that there was no unfair competition by Weyerhaeuser, nor disparagement by it, nor improper cutting of prices. Hence it was not an abuse of discretion for the trial court to refuse a preliminary injunction, inasmuch as it did not on the record so far made find that

plaintiffs would be likely to succeed at a later stage of the case.

There are other reasons which we advert to briefly in support of our judgment that this appeal must fail. First, it seems that the reorganization proceedings involving plaintiffs which have been accompanied by the loss of its personnel who handled the milk container business would make it impossible for plaintiffs even if they secured a preliminary injunction to be put in *statu quo ante* and to enter promptly upon the milk container business. Second, and we think more important, the leisurely pace at which plaintiffs have been prosecuting their complaint hardly presents a convincing case for this Court's rushing in with a preliminary injunction to aid plaintiffs to block defendant.

*Appeal dismissed.*