821 F.2d 162
 125 L.R.R.M. (BNA) 3153, 106 Lab.Cas. P 12,404
 AMR SERVICES CORPORATION (AMR), Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS ("IBT");
International Brotherhood of Teamsters Airline Division
("IBT Airline Division"); William F. Genoese, individually
and as Director of IBT Airline Division; Jackie Presser,
individually and as General President of IBT, Defendants-Appellees.
 No. 1330, Docket 87-7370.
 United States Court of Appeals,
Second Circuit.
 Argued June 8, 1987.
Decided June 19, 1987.
 
 Eric Rosenfeld, New York City (Jedd Mendelson, Seyfarth, Shaw, Fairweather & Geraldson, New York City, on brief), for plaintiff-appellant.
 Wilma B. Liebman, Washington, D.C. (Herbert K. Lippman, Lowenthal & Lippman, New York City, on brief), for defendants-appellants.
 Before KEARSE, ALTIMARI, and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff AMR Services Corporation ("AMR") appeals from an order of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, Judge, 658 F.Supp. 259 (1987), denying its motion for a preliminary injunction against picketing by defendants International Brotherhood of Teamsters ("IBT"), et al., allegedly in violation of, inter alia, the Railway Labor Act, 45 U.S.C. Secs. 151 et seq. (1982) (the "Act"). On appeal AMR contends, as it did below, that defendants' picketing is for the purpose of organizing AMR employees and thus constitutes a dispute about representation within the meaning of Sec. 2, Ninth of the Act, 45 U.S.C. Sec. 152, Ninth, and hence may be enjoined. For the reasons below, we affirm the order of the district court.
 
 
 2
 The district court's denial of a preliminary injunction is reversible only upon a showing of abuse of discretion. E.g., Coca-Cola Co. v. Tropicana Products, Inc., 690 F.2d 312, 315 (2d Cir.1982); Gillespie & Co. v. Weyerhaeuser Co., 533 F.2d 51, 53 (2d Cir.1976) (per curiam). See Doran v. Salem Inn, Inc., 422 U.S. 922, 931-32, 95 S.Ct. 2561, 2567-68, 45 L.Ed.2d 648 (1975). Such an abuse may be found if the court applied incorrect legal standards or relied on clearly erroneous findings of fact. E.g., Coca-Cola v. Tropicana Products, Inc., 690 F.2d at 315. We find no such error here.
 
 
 3
 The court looked to the most pertinent authorities in determining whether or not an injunction should issue, noting, inter alia, that under Summit Airlines, Inc. v. Teamsters Local Union No. 295, 628 F.2d 787 (2d Cir.1980), Sec. 2, Ninth, of the Act provides the sole and mandatory means for resolving disputes over representation, and that a union is not free to circumvent the procedures of that section by resorting to picketing in order to coerce a carrier to recognize the union as the representative of its employees. The court framed the issue before it as largely a factual one, i.e., whether the current dispute is "over representation." We do not understand the district court to have ruled as a matter of law that an injunction is unwarranted whenever the union has refrained from distributing authorization cards to targeted employees or from informing employees or their employer of a present purpose to represent those employees. Rather, the court indicated that in the absence of such actions and statements in the present case, the court "d[id] not believe" that the present dispute was over who is to be the employees' representative.
 
 
 4
 The factual component of this finding may not be set aside unless it is clearly erroneous, and we may not properly term "clearly erroneous" a finding that accepts one of two or more permissible views of the evidence, Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511-12, 84 L.Ed.2d 518 (1985). Here, in addition to the absence of any explicit representational claim, there was evidence before the district court that in picketing Korean Air Lines, defendants had not mentioned AMR in their picket signs, and there was no evidence that leaflets criticizing the wages paid by AMR were distributed to AMR employees. Thus, there is sufficient evidence in the record to support the district court's inference that defendants' picketing did not constitute a demand for recognition of defendants as representatives of AMR employees. Though the record also contains evidence from which a contrary inference could have been drawn, we are not entitled to overturn the inference that was drawn.
 
 
 5
 To the extent that the court ruled that IBT's possible interest in pursuing representation of AMR's employees not now but in the future is not covered by Sec. 2, Ninth, of the Act, its ruling was analogous to cases such as John's Valley Foods, 237 N.L.R.B. 425, 426 (1978) (whether union's present purpose is recognitional depends on totality of its conduct, not on its long-range goals), decided under Sec. 8(b)(7) of the National Labor Relations Act, 29 U.S.C. Sec. 158(b)(7) (1982) (unfair labor practice for union to picket employer to force recognition of union as representative of employees). No cases decided under the Act required the district court to rule as a matter of law that, on the present record, defendants' picketing activities were part of a campaign to represent the AMR employees. Though the district court remains free after the complete development of the record to reevaluate the applicability of the Act to the facts before it, we cannot say that its denial of a preliminary injunction constitutes an abuse of discretion.
 
 
 6
 The order denying AMR's motion for a preliminary injunction is affirmed.