Ronald HANSEL, Plaintiff,

v.

TOWN COURT FOR THE TOWN OF SPRINGFIELD, NEW YORK; Town of Springfield, New York; Otsego County, New York; G. Oliver Koppell, Attorney General, New York, Defendants.

No. 94–CV–342.

United States District Court, N.D. New York.

Aug. 1, 1994.

Ronald Hansel, pro se.

G. Oliver Koppell, Atty. Gen., State of N.Y., Law Dept., Albany, NY, for defendant Koppell; Lawrence L. Doolittle, Asst. Atty. Gen., of counsel.

Paul W. Elkan, Cooperstown, NY, for defendants Town of Springfield, Town Court for Town of Springfield and Otsego County.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff brings this suit to challenge the constitutionality of allowing non-lawyers to sit as town judges. Plaintiff, who is acting pro se, is the subject of pending charges in the Town Court of the Town of Springfield, New York and is being prosecuted by the Otsego County District Attorney's Office. Plaintiff has named the above-captioned defendants, including the Attorney General of New York. The Attorney General now brings a motion for dismissal of the claims against him pursuant to Rule 12(b)(6). Insofar as this motion can be applied to the other defendants, the attorney representing the Town of Springfield, the Town Court of Springfield, and Otsego County relies on the dismissal motion filed by the Attorney General.

The plaintiff has filed a cross-motion for summary judgment and has clarified in his opposition papers to the defendants' dismissal motion that he is not seeking review of any decisions against him in the Town Court of Springfield, but rather he is asserting that the entire town court system is unconstitutional. He claims that the use of non-lawyer judges in the town court system violates his rights to due process and equal protection under the Fourteenth Amendment. On these issues he asks for summary judgment in his favor.

### II. DISCUSSION

#### A. The Use of Non–Lawyer Judges in Town Courts Has Already Been Deemed Constitutional

As just stated, plaintiff claims that the use of non-lawyers as judges in the town court systems of the State of New York is unconstitutional because it infringes on his rights to due process and equal protection under the Fourteenth Amendment. Plaintiff does not provide facts showing how the use of such non-lawyers as judges has specifically

violated his constitutional rights, nor does he elaborate on his particular treatment before the Town Court of Springfield in regard to the alleged constitutional breaches. However, it is unnecessary to address the sufficiency of the plaintiff's pleadings or whether there are material issues of fact before the court because plaintiff has failed to bring claims upon which relief can be granted pursuant to the Supreme Court's holding in *North v. Russell*, 427 U.S. 328, 335–36, 96 S.Ct. 2709, 2713–14, 49 L.Ed.2d 534 (1976) and the New York Court of Appeals' decision in *People v. Skrynski*, 42 N.Y.2d 218, 397 N.Y.S.2d 707, 708–09, 366 N.E.2d 797, 798–99 (1977).

In *North v. Russell*, the Supreme Court held that a criminal defendant's right to due process was not violated by the fact that his prosecution was conducted before a judge not trained in the law so long as he was afforded the opportunity to be tried de novo by a law trained judge. *North*, 427 U.S. at 333, 96 S.Ct. at 2712. The Court also decided in *North* that a criminal defendant's right to equal protection was not violated by the fact that lay judges are allowed in some municipalities while legally trained judges preside in others. *Id.* at 338, 96 S.Ct. at 2714. Thus, the Court held that Kentucky's two-tiered court system, which employed lay judicial officers in the first tier in smaller municipalities and used legally trained judges in the second tier, did not violate either the due process or the equal protection clause of the Fourteenth Amendment. *Id.*

Similarly in *People v. Skrynski*, the New York Court of Appeals held that the use of non-lawyer judges in town and village courts is appropriate under both the New York State and federal constitutions. The Court noted that the use of such judges in the New York court system does not violate federal constitutional requirements as elaborated in *North* because New York provides for alternative criminal trials before law-trained judges pursuant to New York Criminal Procedure Law § 170.25. Section 170.25 allows a criminal defendant, at any time before entering a guilty plea or the commencement of trial, to move for the charge to be prosecuted by indictment and that the district attorney

present it to the grand jury for such purpose. N.Y.Crim.Pro.Law § 170.25(1) (McKinney 1993). At any time before entry of a guilty plea, commencement of trial, or within thirty days of arraignment, the defendant may apply to the local criminal court for an adjournment of the proceedings before it on the basis that he intends to make a motion in superior court. N.Y.Crim.Pro.Law § 170.-25(3) (McKinney 1993). This process affords the criminal defendant a constitutionally acceptable two-tiered system of review of the charges against him which allows him to avoid non-lawyer judges if the interests of justice so warrant it. Thus, plaintiff in this case had the opportunity to avoid trial before a non-lawyer judge, and so according to the *North* and *Skrynski* decisions, he fails to state claims upon which relief can be granted because the facial constitutionality of employing non-lawyer judges has been conclusively established.

The court hereby denies plaintiff's motion for summary judgment and dismisses the case as to all defendants pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state claims upon which relief can be granted and orders the Court Clerk to close the file.

**IT IS SO ORDERED.**