56 F.3d 391
 Ronald HANSEL, Plaintiff-Appellant,
v.
TOWN COURT FOR the TOWN OF SPRINGFIELD, NEW YORK; Town of
Springfield, NY; Otsego County, New York; G.
Oliver Koppell, Attorney General, New
York, Defendants-Appellees.
 No. 1168, Docket 94-7807.
 United States Court of Appeals,
Second Circuit.
 Argued April 20, 1995.
Decided May 25, 1995.
 
 Ronald Hansel, Richfield Spring, NY, pro se.
 G. Oliver Koppell, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, and Frank K. Walsh, Asst. Attys. Gen., on the brief, for defendant-appellee Koppell.
 James E. Konstanty, Oneonta, NY, on the brief, for defendant-appellee Otsego County.
 Before: ALTIMARI, JACOBS and CALABRESI, Circuit Judges.
 ALTIMARI, Circuit Judge:
 Ronald Hansel ("Hansel"), proceeding pro se, appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, C.J.), dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(6). On appeal, Hansel asserts that the district court improperly held, on the merits, that the New York town court system is facially constitutional under North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). We do not reach the merits of Hansel's constitutional challenge, but rather affirm the dismissal of his complaint on abstention grounds under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
 BACKGROUND
 Under the New York State Constitution, the use of lay justices for the trial of misdemeanants in town and village courts is permissible within the limits established by the state legislature. N.Y. Const., art. 6, Sec. 17, subd. a; Sec. 20, subd. c. The New York State legislature has provided a procedure by which individuals subject to prosecution before lay justices may seek, at the discretion of the superior court, to have their cases brought before legally-trained judges. N.Y.Crim.Proc.L. Sec. 170.25 (McKinney 1993). This system of discretionary removal to courts presided over by legally-trained judges has been held, by the New York Court of Appeals, sufficient to render the New York lay town court system constitutional. See People v. Skrynski, 42 N.Y.2d 218, 397 N.Y.S.2d 707, 366 N.E.2d 797 (1977). The town of Springfield has such a system employing lay justices.
 On May 25, 1993, Hansel was charged, in Springfield, New York, on two informations for reckless endangerment in the second degree, see N.Y. Penal Law Sec. 120.20, and resisting arrest, see N.Y. Penal Law Sec. 205.30. Both informations were assigned to a lay justice in the Springfield town court. On September 11, 1993, Hansel mistakenly moved before the lay justice to have his case transferred to the Otsego County Court, arguing that requiring him to be tried before a lay justice violated his due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. The lay justice denied Hansel's motion.
 On March 21, 1994, prior to being tried before the Springfield town court, Hansel brought this action pro se in the Northern District of New York, under 42 U.S.C. Secs. 1983 and 1985(3). The complaint named as defendants the town court for the town of Springfield, New York; the town of Springfield; Otsego County, New York; and G. Oliver Koppell, then-Attorney General of New York (collectively "the defendants"), and reasserted Hansel's claim that the New York lay justice system violated his rights under the Fourteenth Amendment. Accordingly, Hansel sought both an injunction prohibiting further state proceedings against him before a lay justice and a declaration that the New York town court system was facially unconstitutional.
 The defendants moved to dismiss Hansel's complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted, asserting that 1) the federal courts were barred from interfering with ongoing state prosecutions under Younger, and 2) Hansel's claims were meritless because the United States Supreme Court and the New York Court of Appeals had both held lay town justice systems constitutional. Without addressing abstention, the district court reached the merits of Hansel's claims and dismissed them. Hansel v. Town Court for the Town of Springfield, N.Y., 859 F.Supp. 44 (N.D.N.Y.1994). The district court held--relying upon the decisions of the Supreme Court in North and the New York Court of Appeals in Skrynski--that New York State's lay justice system was facially constitutional. See Hansel, 859 F.Supp. at 45.
 
 
 1
 Hansel now appeals.
 
 DISCUSSION
 
 2
 We conclude that the district court did not need to reach the merits of Hansel's claims, as the abstention doctrine espoused in Younger v. Harris applies on its face. In Younger, the Supreme Court held that federal courts are not to enjoin ongoing state court criminal proceedings except in specific, narrow circumstances. 401 U.S. at 56, 91 S.Ct. at 755 (abstention is inappropriate when great and immediate irreparable harm may result, a state court is engaging in flagrantly unconstitutional acts, or statutes are being enforced in bad faith); see Williams v. Lambert, 46 F.3d 1275, 1282 (2d Cir.1995) (Younger abstention applies "in the absence of bad faith, fraud or irreparable harm"). The Supreme Court reasoned that such abstention was required by "Our Federalism" which respects the comity between federal and state courts. Younger, 401 U.S. at 44-45, 91 S.Ct. at 750-51. In a companion case to Younger, this abstention principle was also extended to declaratory relief. See Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).
 
 
 3
 Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court. See CECOS Int'l, Inc. v. Jorling, 895 F.2d 66, 70 (2d Cir.1990) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)). The first two requirements are clearly met. Hansel's criminal prosecution was proceeding when he brought this action before the district court. See Dubinka v. Judges of Superior Court of the State of Cal. for the County of Los Angeles, 23 F.3d 218, 223 (9th Cir.1994) (Younger applies if state prosecution was pending at time of filing of federal action). Indeed, given the early stage at which Hansel sought federal court intervention, it is possible that his criminal prosecution could have been favorably resolved, thus obviating the need to address the constitutional question raised before the district court.
 
 
 4
 Regarding the second requirement, it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one. See Middlesex County Ethics Comm., 457 U.S. at 432, 102 S.Ct. at 2521; Davis v. Lansing, 851 F.2d 72, 76 (2d Cir.1988) ("[t]here is no question that [an] ongoing prosecution implicates important state interests").
 
 
 5
 Hansel also meets the final requirement for Younger abstention, as there is ample opportunity for review of his constitutional claims in state court. It could be argued that because the New York Court of Appeals has already upheld the constitutionality of the town court lay justice system, see Skrynski, 42 N.Y.2d at 221, 397 N.Y.S.2d at 708-09, 366 N.E.2d at 798-99, there is no viable avenue for review of Hansel's already-rejected constitutional claim. We do not agree, however, that the Supreme Court intended the federal courts to maintain jurisdiction in such circumstances. So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes. See Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico, 889 F.2d 1181, 1183 (1st Cir.1989) ("The fact that state ... courts may reject (or have rejected) arguments on the merits ... does not mean those courts have deprived a plaintiff of the opportunity to make the argument.... [I]t is only where, for procedural or other reasons, the state courts deprive the plaintiff of such an opportunity that Younger does not apply."); see also Dubinka, 23 F.3d at 224-25. Because Hansel is free to raise his constitutional claims before a legally trained judge both prior to trial, see N.Y.Crim.Proc.L. Sec. 170.25 (McKinney 1993), and after conviction on direct appeal, Hansel can assert no bar to having his constitutional argument heard before the state courts. See Davis, 851 F.2d at 76. Accordingly, the final requirement for Younger abstention is met.
 
 CONCLUSION
 
 6
 As this case falls squarely within the traditional requirements for Younger abstention, the district court should have dismissed Hansel's action on this basis without reaching the merits of his constitutional claim. See Temple of the Lost Sheep Inc. v. Abrams, 930 F.2d 178, 182-83 (2d Cir.) (outright dismissal of federal action is required under Younger abstention), cert. denied, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). Accordingly, the judgment of the district court is affirmed.
 
 
 7
 ________________
 
 CALABRESI, Circuit Judge, concurring:
 
 8
 I concur and add a few words merely to point out what the court has not decided.
 
 
 9
 As the court notes, Hansel instituted his federal action at an early stage in his state court prosecution. It was therefore possible that the criminal charges against him could be resolved in his favor on alternate state law grounds, thereby "obviating the need to address the [federal] constitutional question raised in the district court." Slip op., supra at 393. Under these circumstances, and for the reasons set forth in the court's opinion, I agree that the Younger abstention bars Hansel's federal claim for injunctive relief.
 
 
 10
 Whether Younger would apply in a case in which the only issue before the state court involved a federal constitutional claim that the state's highest court had already addressed, is, however, a different question, and one that was neither presented by the parties nor decided on this appeal. I read our decision as expressing no opinion regarding the application of the Younger doctrine to such a hypothetical situation.