107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Josefina Del Valle HERNANDEZ, Plaintiff-Appellant,
v.
UNITED STATES FAMILY COURT OF BRONX COUNTY, Unemployment
Insurance Appeal Board, Justice Douglas E. Mckeon, New York
City Law Department Corporation Counsel, City of New York,
Bolden, Nancy Allen Markoff, P.R.A.C.A., Yolanda Sanchez,
Department of Social Services, M. Celestin, Jackie Batista,
and Roosevelt George, Defendants-Appellees.
 No. 96-7588.
 United States Court of Appeals, Second Circuit.
 Jan. 7, 1997.
 
 Appearing for Appellant:Josefina Del Valle Hernandez pro se, Bronx, N.Y.
 Appearing for Appellee Justice Douglas E. McKeon:Michael Kennedy, Ass't Att'y Gen., N.Y., N.Y.
 
 
 1
 Appearing for Appellees New York City Law Department Corporation Counsel, City of New York, and Department of Social Services:Francis F. Caputo, Ass't NYC Corporation Counsel, N.Y., N.Y.
 
 
 2
 S.D.N.Y.
 
 
 3
 AFFIRMED.
 
 
 4
 Before KEARSE, CARDAMONE, Circuit Judges, and POLLACK, District Judge*.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and by counsel for the New York City defendants.
 
 
 6
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.
 
 
 7
 Plaintiff pro se Josefina Del Valle Hernandez appeals from an order entered in the United States District Court for the Southern District of New York, Harold Baer, Jr., Judge, denying her motion for a preliminary injunction against pending proceedings in the Family Court for Bronx County, New York, with respect to the custody of her nieces and nephews. On appeal, she contends, inter alia, that the district court erred in abstaining pursuant to Younger v. Harris, 401 U.S. 37 (1971), from interfering with the state-court proceedings, and in failing to hold that the state-court decisions and procedures violated her fundamental rights. Finding no abuse of discretion, see, e.g., Coca-Cola Co. v. Tropicana Products, Inc., 690 F.2d 312, 315 (2d Cir.1982) (denial of a preliminary injunction is reviewed for abuse of discretion); Gillespie & Co. v. Weyerhaeuser Co., 533 F.2d 51, 53 (2d Cir.1976) (per curiam), we affirm.
 
 
 8
 A federal court does not have jurisdiction to review decisions of a state court acting in its judicial capacity. See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). Nor should a federal court, in the absence of unusual circumstances such as bad faith, harassment, or a patently invalid state statute, see Younger v. Harris, 401 U.S. at 53-54, interfere with a state court "when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for Town of Springfield, New York, 56 F.3d 391, 393 (2d Cir.), cert. denied, 116 S.Ct. 572 (1995); see also Anti-Injunction Act, 28 U.S.C. § 2283. "Family relations are a traditional area of state concern," Moore v. Sims, 442 U.S. 415, 435 (1979), warranting federal court abstention in accordance with Younger. The "bad faith/harassment" exception to Younger abstention is "narrow," Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975), and conclusory allegations are insufficient to bring a case within the exception, see, e.g., Mason v. Departmental Disciplinary Committee, 894 F.2d 512, 515 (2d Cir.), cert. denied, 497 U.S. 1025 (1990).
 
 
 9
 In the present case, the state-court proceedings center on the proper care and custody of Hernandez's nieces and nephews; the proceedings are ongoing; and the New York judicial system provides appellate procedures by which adoption and custody decisions, as well as constitutional challenges to them, can be reviewed. Hernandez's assertions that the state proceedings have been brought in bad faith or are being pursued in a manner designed to harass her are entirely conclusory. Hernandez's motion for a preliminary injunction against the state-court proceedings was properly denied. See also Hernandez v. New York City Law Department Corporation Counsel, No. 96-7156 (2d Cir. Aug. 14, 1996) (summarily affirming, on Younger and Rooker grounds, district court's denial of injunction against state-court adoption proceedings).
 
 
 10
 We have considered all of Hernandez's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.
 
 
 
 *
 Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation